GEORGE WASHINGTON *et al.* v. LEANDER HOSP.

1. TAXES — *Land Sold — Redemption — Sufficient Notice.* The notices of the time limited to redeem land sold for taxes by a publication and posting must be completed four months before the expiration of the time within which such land may be redeemed; and if the notices are posted in the required places at least four months before such time, it will be deemed a completed notice by posting, and if proper publication has been made, a sufficient compliance with § 137 of the tax law.

2. TAX DEED — *Prima Facie Evidence of What.* A tax deed regular on its face is *prima facie* evidence that the proceedings were regular, and that the redemption lists and notices were properly posted; and to overcome this *prima facie* showing, affirmative proof is necessary.

3. PUBLIC OFFICER, *Presumed to do His Duty — Posting Notice.* The presumption of law, in the absence of testimony, is that a public officer does his duty; and where the affidavit of the county treasurer, attached to the redemption notices in his office recites that the notices were posted at four different places in his county, one of which was in his office, it must be assumed, in the absence of other testimony, that the notices were posted in public places, and that one of them was posted in a conspicuous place in his office.

*Error from Wyandotte District Court.*

THE case is stated in the opinion.

*N. Cree,* for plaintiffs in error.

*Alden & McGrew,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding to reverse a judgment of the district court of Wyandotte county, awarded in an action of ejectment, wherein Leander Hosp sought a recovery of real estate from George and Alice Washington, and prevailed. Hosp held under a tax deed, regular upon its face, and the only attack made upon his title, or the tax proceedings on which it was founded, was that the redemption notice given was insufficient. According to the notice, the time limited for redeeming the land in controversy was Septem-

ber 5, 1885; and under the statute requiring notice to be
given and completed four months before the expiration of the
time of redemption, publication and posting of the notices
must have been completed on May 5, 1885. The statutory
provision which governs the giving of such notices, or so
much of it as is necessary to quote, reads:

"The county treasurer, at least four months before the ex-
piration of the time limited for redeeming lands as aforesaid,
shall cause to be published in some paper published in, or
of general circulation in, his county, once a week for four
consecutive weeks, (the publication herein provided for to be
completed four months before the day of sale,) a list of all
unredeemed land. . . . He shall also cause to be posted
for the same length of time such list and notice in at least
four public places in the county, one of which shall be in some
conspicuous place in his office." (Comp. Laws of 1885, ch.
107, § 137.)

The publication in the newspaper is conceded to be suffi-
cient, and the notices were all posted prior to May 5, 1885,
but three of them were not posted until May 2, 1885, and it
is now claimed that all should have been posted four weeks
preceding May 5, 1885. The contention is that the posting
must correspond with the publication, and that the four-months
notice of redemption cannot be given by posting, unless the
notices are posted four months and four weeks before the ex-
piration of the time to redeem. This construction does not
accord with our view. The provision requiring a posting
"for the same length of time" refers to the period of four
months which must intervene between the completion of notice
and the time of redemption. The theory of the statute is that
notice by both methods shall be given and completed at least
four months before the time limited to redeem. The notice
by publication is complete when it has been published in a
newspaper of general circulation, once a week for four consec-
utive weeks. The notice by posting is complete when lists
and notices have been posted in four public places in the
county, one of which shall be in some conspicuous place in
the office of the county treasurer. It may be granted that

the posting is as essential as the publication, and that the notice in each case must be "for the same length of time" — that is, both of the notices in the present case must have been completed on May 5, 1885. This was done, and we think the requirements of the statute were complied with.

Another objection to the notices is, that the proof offered did not show that they were posted in public places, nor that one of them was posted in a conspicuous place in the county treasurer's office. The tax deed under which Hosp claimed, and which he offered in evidence, being regular upon its face, was *prima facie* evidence of the regularity of the proceedings, and that the redemption lists and notices were properly posted up. Having established his case, it devolved upon the Washingtons to prove that the notices were not posted as the law required. The only proof offered by them to sustain their claim was the affidavit of the county treasurer, found in the record of the county, in which, among other things, he recited the time and places in his county where the notices were posted, and also stated that one of them was posted in his office. No testimony was offered to show that the places where the notices were posted were not public places, nor that the one posted in the office was not in a conspicuous place. More than that, the presumption of law, in the absence of testimony, is that the officer does his duty, and in this case we must assume from the state of the record that the county treasurer did that which was required of him. There was no proof offered to overthrow the *prima facie* case established by the defendant in error. (*Stout v. Coates*, 35 Kas. 382.)

The judgment of the district court must be affirmed.

All the Justices concurring.