PER CURIAM.
We granted a rehearing in this cause to reconsider the correctness of our original decision. For reasons hereinafter stated we set aside our original opinion, reverse and remand.
For convenience purposes, we briefly state the pertinent facts. For sometime prior to March 25, 1971, Leroy J. Chustz (Chustz) was employed by National Food Stores of Louisiana, Inc. (National) as the manager of its New Roads Store No. 10. On that date an audit of the store revealed a cash shortage of $24,960.21. Chustz was then charged with and plead guilty to theft. He received a suspended sentence conditioned in part on his payment of $6,000.00 in restitution. He repaid this latter sum in monthly payments of $100.00 from December 30, 1971 until December 30, 1976.
Particularly pertinent to this litigation is an additional payment by Chustz to National of $200.00 on September 23, 1977.
The present suit for the balance allegedly due was filed by National on August 4, 1978.
In our original opinion, we concluded that the cause of action herein asserted was one in tort, not contract or quasi-contract and that the applicable prescriptive period was one year rather than ten years. In attaching no legal consequences to the payments made under the criminal order of restitution, we stated that such payments were made “on a different debt and did not interrupt prescription on appellant’s cause of action to recover the balance of the amount allegedly stolen.” In so holding, we now conclude that we erred.
In considering the legal relationship between payments made under court ordered restitution and the principal obligation, we find persuasive the reasoning setforth in Travelers Insurance Company v. Chalona, 293 So .2d 498, 499, 450 (La.App. 4th Cir. 1974), Writ Refused June 21, 1974, where the court stated:
“The judge of the Criminal District Court ordered the restitution pursuant to Article 895(6)1 of the Louisiana Code of Criminal Procedure, which provided that a judge may impose conditions on probation resulting from the suspension of the execution of a criminal sentence, and one of these conditions was reparation or restitution. The pertinent part of the codal article reads: [Footnote omitted]
*376 “‘(6) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;’ 3 La.Code Crim.Proc. Art. 895(6).
The wording of the statutory authority upon which restitution was ordered is clear in its import that the payment is not in the nature of a fine but rather in the nature of a damage payment as would be recoverable under Article 2315 of the Civil Code. The use of the words ‘reparation’ and ‘restitution’ clearly implies that conclusion and the first paragraph of Article 2315 reinforces this interpretation. It provides:
“ ‘Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.’ LSA-C.C. Art. 2315.
“Because a payment made under Article 895(6) of the Code of Criminal Procedure results in the repair of damage caused by the offender, it would have the same civil effect upon the criminal defendants as a payment pursuant to a settlement or judgment in a civil matter. It is important to note that a payment made pursuant to Code of Criminal Procedure Article 895 is a condition of the suspension of the criminal sentence and is not a substitute for the sentence. The sentence here was still imposed (although not executed), and one of the conditions of suspension was restitution of the damage caused by the fault of the criminal defendants.”
It could hardly be argued were not the issue of prescription present that Chustz could not claim as a credit the $6,000.00 he previously paid to National albeit under the terms of the criminal order.
We, therefore, hold that timely payments as restitution under the terms of a criminally imposed condition to a suspended sentence have the effect of interrupting prescription in a civil claim for damages.
In addressing the issue of prescription, we note that one year had not lapsed between the $100.00 payments from December 30, 1971 to December 30, 1976, the $200.00 payment on September 23, 1977, and the filing of this suit on August 4,1978. C.C. Art. 3536.
For these reasons our original decision here is set-aside and judgment is rendered herein reversing the judgment of the district court and overruling defendant’s, Chustz’s, plea of prescription, and this cause is remanded to the district court for further proceedings consistent with the views herein expressed.
The Costs of this appeal are assessed against the defendant, Chustz, with the assessment of all other costs to await a final determination on the merits.
REVERSED, RENDERED and REMANDED.