(626 P.2d 813)

No. 51,940

Barbara K. Grizzle, *et al., Plaintiffs-Appellants,* v. Michael P. Jacobberger, *Defendant-Appellee.*

Opinion filed April 17, 1981.

*Charles F. Forsyth,* of Erie, for the appellants.

*Nelson E. Toburen,* of Wilbert, Lassman, Toburen & Wachter, of Pittsburg, for intervenors-appellees, Farm Bureau Mutual Insurance Company and National Farmers Union Insurance Company.

Before Foth, C.J., presiding, Terry L. Bullock, District Judge, and Frederick Woleslagel, District Judge Retired, assigned.

Bullock, J.: James Martin Grizzle was killed June 30, 1977, on a highway near Columbus, Kansas, when he was run over by an automobile driven by Michael P. Jacobberger. Barbara K. Grizzle, James' widow, and their two minor sons, filed this action for wrongful death. Subsequent to the death of James and prior to the termination of this action in the trial court, Farm Bureau Mutual Insurance Company and National Farmers Union Insurance Company paid personal injury protection survivors' benefits to Barbara and her children under the Kansas Automobile Injury Reparations Act. In due course, the survivors' wrongful death action was settled for the sum of $15,000 and judgment was entered pursuant to that settlement on January 24, 1980. Following the entry of judgment, the insurance companies filed a motion for an apportionment of recovery. In this motion, the companies contended they were entitled by subrogation to reimbursement from the settlement received by the survivors to the extent that the settlement was duplicative of personal injury protection benefits paid to the survivors by the companies. The claim of the insurance companies for subrogation was based on K.S.A. 1977 Supp. 40-3113a, which was adopted by the 1977 Kansas Legislature and made effective July 1, 1977, the day following the death of James Martin Grizzle. In resisting the subrogation claim, the survivors, citing *Farm & City Ins. Co. v. American Standard Ins. Co.,* 220

Kan. 325, 552 P.2d 1363 (1976), contended that prior to July 1, 1977, they were entitled to their full recovery from the tort-feasor, free of any subrogation claims. The survivors also argued that their rights were fixed and vested on the date of the death of their husband and father and that any application of K.S.A. 1977 Supp. 40-3113a to their cause of action, which arose prior to its effective date, would deprive them of substantial vested *substantive* rights. In support of their claim for subrogation, the insurance companies contended that K.S.A. 1977 Supp. 40-3113a was *procedural* in nature and created subrogation rights in judgments entered after the effective date of the statute.

Following a stipulation by the survivors and the companies that the amount of duplicative benefits paid was $2,500, the trial court held that the companies were entitled to the subrogation they sought and ordered payment to them of that amount from the proceeds of the settlement. From this decision of the trial court the survivors have appealed. Essentially the same arguments are made in this court as were presented in the court below.

Both parties to this controversy cite *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979), as controlling. We concur. In *Nitchals,* the question before our Supreme Court was whether K.S.A. 1977 Supp. 40-3113a(*e*), which authorizes an apportionment of attorney fees between an insured and an insurance carrier that has paid PIP benefits, should be retrospectively applied to no-fault cases where the insured had not yet obtained a recovery from a third-party tort-feasor "by judgment, settlement or otherwise," prior to July 1, 1977. The court held that the subrogation right granted insurance carriers by K.S.A. 1977 Supp. 40-3113a was a substantive right not accruing until a settlement was reached or a judgment obtained. Thus, the court held, if the *subrogation right* arose after the effective date of the statute, albeit on a *claim* accruing before, the carrier should pay its share of attorney fees, no prior *vested* rights of the carrier being diminished thereby. The court also noted attorney fees statutes are usually procedural and, as such, retroactive.

In the case before us, the survivors' rights became fixed and vested on the day of the death of James Grizzle. Unlike the carriers' subrogation claims in *Nitchals,* which did not come into existence until a settlement or judgment was had, the rights of the survivors here were primary and complete at the instant of the

death of their decedent. On that day, the law was plain: the survivors were entitled to recover their full loss, undiminished by any claims for reimbursement by insurance carriers providing duplicative benefits, a substantial substantive right. *Farm & City Ins. Co. v. American Standard Ins. Co.*, 220 Kan. 325, 552 P.2d 1363 (1976).

Although the *Nitchals* court decided that case on other grounds, it reviewed the general rules of statutory construction as follows:

"It would be helpful to consider first some of the basic rules of statutory construction which are applied in determining whether a statute should be construed to operate prospectively or retrospectively. The general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively. *Eakes v. Hoffman-LaRoche, Inc.*, 220 Kan. 565, 568, 552 P.2d 998 (1976); *Johnson v. Warren*, 192 Kan. 310, 314, 387 P.2d 213 (1963); *Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 217, 152 P.2d 860 (1944). A number of cases declare that the preceding rule mandates that a statute is not to be given retrospective application unless the intent of the legislature is 'clearly' and 'unequivocally' expressed. *Lyon v. Wilson*, 201 Kan. 768, 443 P.2d 314 (1968); *In re Estate of Brown*, 168 Kan. 612, 215 P.2d 203 (1950); *International Mortgage Trust Co. v. Henry*, 139 Kan. 154, 30 P.2d 311 (1934); *Barrett v. Montgomery County*, 109 Kan. 685, 201 Pac. 1098 (1921); *Douglas County v. Woodward*, 73 Kan. 238, 84 Pac. 1028 (1906). This rule of statutory construction is normally applied when an amendment to an existing statute or a new statute is enacted which creates a new liability not existing before under the law or which changes the substantive rights of the parties." 225 Kan. at 290-91.

Applying these rules to the case before us, it is plain that K.S.A. 1977 Supp. 40-3113a cannot be retroactively applied without substantially changing the vested rights of the survivors. Accordingly, we hold that K.S.A. 1977 Supp. 40-3113a, granting subrogation rights to insurance carriers for duplicative benefits paid to survivors in "no-fault" cases, must be applied prospectively only to settlements resulting from *causes of action* arising on or after July 1, 1977.

This cause is reversed and remanded with directions to order the sum of $2,500, held in the registry of the trial court, paid to the survivors.

Reversed and remanded.