(732 P.2d 805)
No. 59,061

KESNER M. BRYAN, *et al., Appellants*, v. WALLACE DAVIS, Administrator of the Estate of Christopher P. McElhiney, deceased, *Appellee*.

Opinion filed February 19, 1987.

*Gerald W. Scott*, of Gerald W. Scott, P.A., of Wichita, for appellant.

*Wyatt A. Hoch* and *Darrell L. Warta*, of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for appellee.

Before ABBOTT, C.J., MEYER, J., and J. STEPHEN NYSWONGER, District Judge, assigned.

MEYER, J.: Plaintiffs, Erma and Kesner Bryan, appeal the district court's ruling that their negligence action is barred by the statute of limitations. We affirm.

On December 27, 1980, plaintiffs sustained personal injuries and property damage in an automobile accident with the defendant. The defendant's car was insured by State Farm Mutual Automobile Insurance Company (State Farm).

State Farm filed an interpleader action in Sedgwick County District Court on July 2, 1981, naming the Bryans and several

other individuals injured in the accident as claimants to its policy. Thereafter, on September 7, 1981, State Farm paid into the court $100,000.00, its policy limits for personal injuries.

On December 31, 1981, the Bryans filed a motion to disburse the interpleaded funds. Although the Bryans had never filed a responsive pleading in the interpleader action, on January 8, 1982, the Sedgwick County District Court ordered the interpleaded funds to be disbursed in accordance with the claimants' stipulated damages and dismissed all claims of the claimants against State Farm.

The Bryans first asserted a claim for property damages in the instant action. They filed their petition in this action in Butler County on December 27, 1983, exactly three years after the accident. Thereafter, the Bryans filed a motion for partial summary judgment on the issue of whether the statute of limitations in this case was tolled by the provisions of K.S.A. 40-275.

The district court denied the Bryans' motion for summary judgment, holding that K.S.A. 40-275 tolled the statute of limitations until September 8, 1981, the date State Farm paid its policy limits into court; the court thus held the statute of limitations expired two years later on September 8, 1983, and that plaintiffs' action was barred by the statute of limitations.

The trial court impliedly held, over defendant's objection, that the statute-tolling provision of K.S.A. 40-275 applies when an insurer has made payments in an interpleader action. We hold that, although the trial court correctly found plaintiffs' action to be barred by the statute of limitations, it incorrectly believed that K.S.A. 40-275 applied to this action. The trial court's decision, correct although for the wrong reason, should nonetheless be affirmed. See *Farmers State Bank v. Cooper*, 227 Kan. 547, 556, 608 P.2d 929 (1980).

K.S.A. 40-275 provides:

*"No advance payment or partial payment of damages, predicated on possible tort liability, as an accommodation to an injured person,* or on his behalf to others, or to the heirs at law or dependents of a deceased person of medical expenses, loss of earnings and other actual out of pocket expenses, because of an injury, death claim, property loss or potential claim against any person, firm, trust, or corporation, shall be admissible into evidence as an admission against interest or admission of liability by such party or self insurer, or if paid by an insurer of such party, as the insurer's recognition of such liability with respect to

such injured or deceased person, or with respect to any other claim arising from the same accident or event. . . . *Provided further, That the period fixed for the limitation for the commencement of actions shall commence on the date of the last payment or partial payment made hereunder."* (Emphasis added.)

Plaintiffs contend State Farm's interpleader action was a payment as "an accommodation" within the meaning of K.S.A. 40-275 and that the statute-tolling provision quoted above applied to avoid the bar of the statute of limitations. Plaintiffs' reliance on the tolling provision of K.S.A. 40-275 is misplaced. We conclude the statute-tolling provision of K.S.A. 40-275 does not apply to the facts of this case.

The funds disbursed to the Bryans in the Sedgwick County interpleader action could only toll the statute of limitations within the contemplation of K.S.A. 40-275 if those payments were made by State Farm "as an accommodation to" the Bryans. *Lytle v. Pepsi Cola General Bottlers, Inc.,* 8 Kan. App. 2d 332, Syl. ¶ 2, 656 P.2d 786, *rev. denied* 233 Kan. 1092 (1983). State Farm's interpleader action is not an "accommodation" as the term is used in K.S.A. 40-275.

The *Lytle* court defined the meaning of the term "accommodation" as follows:

"The generally accepted meaning of the term 'accommodate' as used in the context of [K.S.A. 40-275], is 'to help' or 'to do a service or favor for' someone (Webster's New World Dictionary 9 [2nd Coll. ed. 1974])." *Lytle,* 8 Kan. App. 2d at 335.

Typically, a payment as an accommodation by an insurer involves the insurer providing monetary assistance to the injured party during the pendency of his claim. *Lytle,* 8 Kan. App. 2d at 335.

On the other hand, interpleader is a joinder device by which a number of claimants against a single fund may be joined in one action, and may there assert and litigate their claims against the fund. *Farmers State Bank & Trust Co. of Hays v. City of Yates Center,* 229 Kan. 330, 336, 624 P.2d 971 (1981). "Interpleader protects the stakeholder [in this case, State Farm] from multiple suits, and from determining at its peril the validity and priority of disputed claims; it also protects the claimants by bringing them together in one action so that a fair and equitable distribution of the fund may be made." *Club Exchange Corporation v. Searing,*

694

222 Kan. 659, 664, 567 P.2d 1353 (1977). Therefore, the insurance company paying funds into court pursuant to court order in an interpleader action is not making payment "to accommodate" or "to help" or "to do a service or favor for" the interpleader claimants; rather, it is protecting itself from multiple vexation against a single fund and from determining at its own risk the amount, if any, each claimant is due.

According to the *Lytle* court, the purpose of the statute-tolling proviso of K.S.A. 40-275 is "obviously . . . to protect an injured party who receives advance or partial payments. It prevents a party from negotiating with the injured person and making partial payments until the statute of limitations has run and then refusing further negotiation or payment, leaving the injured person without complete recovery." *Lytle*, 8 Kan. App. 2d at 337. Nothing in the record even suggests that State Farm used the interpleader action to accomplish such ends.

In summary, we conclude that State Farm's interpleader action did not constitute a payment as an accommodation within the meaning of K.S.A. 40-275, and that statute does not apply herein. Consequently, plaintiffs' action, filed December 27, 1983, exactly three years after the accident, is time-barred. The trial court did not err in so concluding.

Additionally, even if we assume K.S.A. 40-275 applied in the interpleader context, we believe that the statute of limitations would have commenced on September 7, 1981, the date State Farm paid its policy limits into the court. The rule in Kansas is that an insurer in an interpleader action is discharged from liability under an insurance policy upon paying to the clerk of the district court the full amount of its policy. *Guy v. Modern Woodmen*, 128 Kan. 745, Syl. ¶ 2, 280 Pac. 756 (1929). Because the insurer is discharged upon paying the interpleader fund into the court, it follows that payment is "made" in the interpleader context when the insurer makes such payment to the court. See *Dugas v. American Surety Co.*, 300 U.S. 414, 425, 81 L. Ed. 720, 57 S. Ct. 515 (1937).

In summary, we conclude that, assuming K.S.A. 40-275 applies herein, State Farm "made payment" within the meaning of that statute when it paid its policy limits into the court. This occurred on September 7, 1981, more than two years before the plaintiffs

filed suit herein. Therefore, assuming *arguendo* K.S.A. 40-275 operates in the interpleader context, we conclude that it does not save plaintiffs' action.

Affirmed.