(823 P.2d 209)

No. 66,594

CHURCH MUTUAL INSURANCE COMPANY, *Appellee,*
v. ROBERT RISON, *Appellant.*

Opinion filed December 13, 1991.

*Kenneth M. Carpenter,* of Carpenter Chartered, of Topeka, for appellant.

*Robert A. Mintz,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellee.

Before LEWIS, P.J., BRAZIL, J., and BILL D. ROBINSON, JR., District Judge, assigned.

BRAZIL, J.: Robert Rison appeals the district court's denial of his motion to dismiss a suit for damages filed by Church Mutual Insurance Company (Church Mutual). Church Mutual sought and Rison was ordered to pay $24,791.02 with interest. Rison contends this civil action is barred by the statute of limitations. We agree and reverse.

The facts are not in dispute. In 1984, Rison was charged with, pled guilty to, and was convicted of embezzling $26,031.02 from a nursing home while employed there as an administrator. He

was placed on probation and ordered to pay back the $26,031.02 in restitution. Over the next five years until his discharge from probation in 1990, he paid $1,240 in restitution.

Several months after Rison's discharge from probation, Church Mutual filed suit, pursuant to its subrogation interest relating to its insured, the nursing home, to recover the balance of the embezzled funds, $24,791.02. Rison filed his answer, denying any obligation on the indebtedness and contending the statute of limitations had run. Rison's subsequent motion to dismiss was denied following a hearing.

Church Mutual moved for summary judgment, which was granted. The basis for the court's ruling was a Louisiana appellate court decision holding that payment of criminal restitution tolls the statute of limitations for purposes of a subsequent civil action. The district court held the statute of limitations had not run during the time Rison made criminal restitution payments.

Rison contends the civil action brought by Church Mutual is barred by the statute of limitations. Rison contends the court erred in holding that Rison's payments of criminal restitution tolled the applicable statute of limitations for purposes of this civil action.

In his motion to dismiss, Rison contended that either K.S.A. 60-511 or K.S.A. 1990 Supp. 60-513(a)(4), the five-year and two-year statutes of limitation, applied under the facts of this case. He contended that when Church Mutual filed suit, over five years had elapsed since Rison's restitution payments began; consequently, Church Mutual's cause of action was time barred. The district court rejected that contention. The court then granted summary judgment for Church Mutual, based largely on *National Food Stores of La., Inc. v. Chustz*, 385 So. 2d 374 (La. App. 1980).

Factually, *Chustz* is similar to the present case. Leroy Chustz was employed by National Food Stores (National) when an audit revealed a cash shortage of $24,960.21. 385 So. 2d at 375. Chustz pled guilty to theft and received a suspended sentence conditioned in part on his payment of $6,000 in restitution. Chustz made monthly payments of $100 from December 1971 until December 1976. The court emphasized that Chustz also made a $200 payment to National on September 23, 1977. 385 So. 2d at

375. On August 4, 1978, National filed a civil suit for the balance allegedly due. The court cited the pertinent Louisiana statute which allows a sentencing court to impose conditions on probation resulting from the suspension of the execution of a criminal sentence. The court may order the party to " '[m]ake reasonable *reparation or restitution* to the aggrieved party for *damage or loss* caused by his offense in an amount to be determined by the court. 3 La. Code Crim. Proc. Art. 895(6).' " 385 So. 2d at 376. The court determined that the above-quoted statute "is clear in its import that the payment [restitution] is not in the nature of a fine but rather in the nature of a damage payment" as would be recoverable in a civil proceeding. 385 So. 2d at 376. The court continued that restitution is a condition of the suspended sentence, not a substitute for the sentence. The court concluded by holding that restitution payments as a condition of a suspended criminal sentence "have the effect of interrupting prescription in a civil claim for damages." 385 So. 2d at 376. In the present case, Church Mutual contends the district court appropriately relied on *Chustz.*

Although *Chustz* is factually similar to the present case, there is other case law which suggests a holding contrary to *Chustz.* The Wisconsin Court of Appeals has held that payments made pursuant to an order of restitution from a conviction of embezzlement do not toll the statute of limitations for a civil cause of action. *H.A. Freitag & Son, Inc. v. Bush,* 152 Wis. 2d 33, 447 N.W.2d 71 (1989), is, like *Chustz,* factually very similar to the present case. Freitag employed Bush as a bookkeeper. Freitag discovered in 1981 that over $30,000 had been embezzled from corporate funds. In September 1982, Bush was sentenced following her conviction on embezzlement charges. Bush was placed on probation for five years and ordered to pay restitution. When Bush's probation terminated, a substantial portion was still due under the restitution order. Freitag filed a civil suit to recover the unpaid amount. 152 Wis. 2d at 35. Bush contended the statute of limitations began to run when Freitag knew of the theft. The court determined otherwise, holding that the statute commenced to run only when Freitag knew Bush was the person responsible for the theft. 152 Wis. 2d at 37-38. The court determined, for purposes of its order to reverse and remand, that payments made

pursuant to court-ordered restitution do not constitute advance payment of damages and thus cannot be used to extend the statutory limitation period for a civil suit. 152 Wis. 2d at 40.

Other courts, though not concerned with the specific tolling issue present in this case, have determined restitution is inherently different than a civil award. See *Thorne v. Gay*, 92 Or. App. 251, 254, 758 P.2d 380 (1988) (Restitution is a criminal sanction and is not intended to be the equivalent of a civil award. State restitution statutes do not limit or impair the right of a person injured by a defendant's criminal activities to sue and recover damages from the defendant in a civil action.); *State v. Smith*, 99 N.C. App. 184, 186-87, 392 S.E.2d 625 (1990) ("Restitution, imposed as a condition of probation, is not a legal obligation equivalent to a civil judgment, but rather an option which may be voluntarily exercised by the defendant for the purpose of avoiding the serving of an active sentence. [Citation omitted.] Such an imposition of restitution 'does not affect, *and is not affected by*, the victim's right to institute a civil action against the defendant based on the same conduct.' ").

The foregoing authority, including *Freitag & Son*, seems to be more consistent with Kansas law. Whereas *Chustz* found restitution to be more in the nature of a civil award for damages, Kansas courts seem to hold restitution is not comparable to a civil award. This court has stated: "We do not mean to imply that the same rigidness and proof of value that lies in a civil damage suit applies in a criminal case. Legislative intent is that restitution should make victims whole and provide both deterrents and rehabilitation to the person who commits the crime." *State v. Hinckley*, 13 Kan. App. 2d 417, 419, 777 P.2d 857 (1989).

Church Mutual contends that public policy and judicial economy support the district court's holding. The company asserts that it would have been to no avail to attempt to satisfy a civil judgment while Rison was already paying the maximum amount he could afford under the restitution order. That contention runs contrary to the rationale supporting statutes of limitation.

Statutes of limitation manifest the state's legitimate interest in preventing stale claims. *Brubaker v. Cavanaugh*, 741 F.2d 318, 321 (10th Cir. 1984). Such statutes encourage diligence on the part of those whose rights have been infringed. *Welch v. City*

*of Kansas City*, 204 Kan. 765, 771, 465 P.2d 951 (1970). Church Mutual could have filed its civil claim within the statutory period, obtained a judgment, and then executed that judgment upon Rison's discharge from probation. Church Mutual's contention that its delay is supported by concerns of public policy and judicial economy runs counter to the rationale supporting the creation of statutes of limitation. "[S]tatutes of limitation embody important public policy considerations in that they stimulate activity, punish negligence, and promote repose by giving security and stability to human affairs." 51 Am. Jur. 2d, Limitation of Actions § 18.

There is nothing in Kansas law which limited or impaired the right of Church Mutual to timely bring suit against Rison. The company's failure to act within the statutory time limitations bars this action.

Church Mutual next asserts Rison is equitably estopped from raising the statute of limitations as a defense. The company's contention is misplaced.

The doctrine of equitable estoppel is based on the principle that "a person is held to a representation made or a position assumed when otherwise inequitable consequences would result to another who, having the right do so under all the circumstances, has in good faith relied thereon." *Hustead v. Bendix Corp.* 233 Kan. 870, 873, 666 P.2d 1175 (1983). Among the elements necessary to apply equitable estoppel, Rison must be shown to have committed inequitable conduct. *Bowen v. Westerhaus*, 224 Kan 42, 45-46, 578 P.2d 1102 (1978). While Rison is guilty of embezzlement (theft), it is not the underlying crime to which such a requirement refers. The inequitable conduct must cause the delay in filing the civil complaint and not relate to the underlying claim. Church Mutual has provided no facts that would indicate Rison in any way acted to induce Church Mutual to delay its civil cause of action. Rison's inability to discharge the court-ordered restitution fails to constitute inequitable conduct necessary to invoke equitable estoppel.

Finally, Church Mutual contends that Rison's restitution payments constitute advance or partial payments pursuant to K.S.A. 40-275, and that, as such, the statute of limitations does not begin to run until the last restitution payment is made. Therefore,

Church Mutual argues, the statute of limitations should commence to run on August 8, 1990. K.S.A. 40-275 reads in part:

"No advance payment or partial payment of damages, predicated on possible tort liability, as an accommodation to an injured person, or on his behalf to others, or to the heirs at law or dependents of a deceased person of medical expenses, loss of earnings and other actual out of pocket expenses, because of an injury, death claim, property loss or potential claim against any person, firm, trust or corporation, shall be admissible into evidence as an admission against interest or admission of liability by such party or self insurer, or if paid by an insurer of such party, as the insurer's recognition of such liability with respect to such injured or deceased person, or with respect to any other claim arising from the same accident or event. . . . *Provided further,* That the period fixed for the limitation for the commencement of actions shall commence on the date of the last payment or partial payment made hereunder."

This court has determined that in order to implicate the statute tolling provision of K.S.A. 40-275, the advance payment by Rison must constitute an accommodation to Church Mutual. *Bryan v. Davis,* 11 Kan. App. 2d 691, 693, 732 P.2d 805 (1987). Accommodation has been defined as "to help" or "to do a service or favor" for someone. 11 Kan. App. 2d at 693. Rison's restitution payments made into court were not made "to accommodate" as "to help" or "to do a service or favor for" Church Mutual. Restitution was paid by Rison as a condition of his probation and, in part, to avoid revocation of probation. This court has found that the purpose of "the statute-tolling proviso of K.S.A. 40-275 is 'obviously . . . to protect an injured party who receives advance or partial payments. It prevents a party from negotiating with the injured person and making partial payments until the statute of limitations has run and then refusing further negotiation or payment.' " 11 Kan. App. 2d at 694. Rison's payments were not the result of negotiations with Church Mutual. Those payments were court-ordered and a condition of his probation.

Church Mutual has allowed the applicable statute of limitations to run. As a result, its civil action against Rison is barred.

Reversed and remanded with directions to dismiss.