996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arthur T. DUGGINS, Plaintiff-Appellant,
v.
BOEING MILITARY AIRPLANES, Defendant-Appellee.
 Nos. 91-3342, 91-3347.
 United States Court of Appeals, Tenth Circuit.
 June 7, 1993.
 
 Before ANDERSON, RONEY,* and TACHA, Circuit Judges.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Arthur Duggins appeals a district court order granting Boeing Military Airplane's ("Boeing") motion for summary judgment. Duggins was a Boeing employee who was terminated for violating company rules following a Drug Enforcement Administration investigation into illegal drug sales on Boeing property. Duggins sued Boeing, alleging breach of the collective bargaining agreement between Boeing and Duggins's union, false imprisonment, defamation, invasion of privacy, and denial of due process. He now appeals the grant of summary judgment on all five claims. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 2
 On appeal, we review the grant of summary judgment de novo, using the same standards applied by the district court. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Only factual disputes that might affect the outcome of the case under governing law will preclude entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We review de novo the district court's rulings with respect to Kansas law, see Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991), which we ascertain and apply such that we reach the same result the Kansas courts would reach, see Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp., 959 F.2d 868, 870 (10th Cir.1992).
 
 
 3
 Duggins first argues that the district court erroneously granted summary judgment on his claim that Boeing breached the collective bargaining agreement in violation of § 301 of the Labor Management Relations Act when it terminated him. " '[A]n employee normally cannot bring a § 301 action against an employer unless he can show that the union breached its duty of fair representation in its handling of his grievance.' " Jarvis v. Nobel/Sysco Food Servs. Co., 985 F.2d 1419, 1422 (1993) (quoting Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990)). To show that the union breached its duty of fair representation, the plaintiff must show that the union's conduct in handling his grievance was " 'arbitrary, discriminatory, or in bad faith.' " Id. (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)). Duggins contends that the union acted arbitrarily and in bad faith by failing to respond to all of his inquiries, to promptly investigate and process his grievance, and to pursue arbitration of his claim. We have reviewed the facts in the light most favorable to Duggins, see Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990), and conclude that he has failed to present facts sufficient to overcome Boeing's summary judgment motion.
 
 
 4
 It is uncontroverted that the union filed a grievance with Boeing on Duggins's behalf seeking reinstatement and backpay. The union pursued the grievance for more than one year while it continued to negotiate a settlement with Boeing. Boeing made three settlement offers to Duggins, which he rejected, before the union decided to pursue its remaining grievance options, including arbitration. After an arbitration date was set, Boeing extended a final settlement offer to Duggins for reinstatement, full backpay (including intervening cost of living raises), restoration of seniority and fringe benefits, and a $3000 cash payment.
 
 
 5
 After reviewing the offer, which exceeded the remedies available to Duggins through arbitration, the union notified him that it thought the offer was fair and that it would not pursue his grievance through arbitration if he refused the offer. Duggins never responded to the offer, even after the union secured an extension from Boeing, and the union eventually withdrew from arbitration. Although Duggins contends that the union failed to respond to all of his inquiries, he does not dispute evidence showing that union representatives met with him on several occasions and informed him of developments in the grievance process as they occurred. We conclude that the union's conduct in handling Duggins's grievance and withdrawing from arbitration was neither arbitrary nor in bad faith.
 
 
 6
 Duggins next appeals the district court's disposition of his false imprisonment and defamation claims. Boeing argued below that each of the claims was barred by a one-year statute of limitations. See Kan.Stat.Ann. § 60-514(1), (2) (1983). The district court disagreed, but granted summary judgment after considering the merits of both claims. Duggins appeals the grant of summary judgment on the merits and Boeing cross-appeals arguing that the district court's judgment should be affirmed on the alternative ground that the claims were barred by the statutes of limitations. We dismiss Boeing's cross-appeal, see Jarvis, 985 F.2d at 1426 n. 7, but nevertheless consider its statute of limitations argument because we are free to affirm a district court decision on grounds not relied upon by the trial court if there is a sufficient record to permit conclusions of law. Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988).
 
 
 7
 Duggins concedes that the Kansas one-year statute of limitations applies to false imprisonment and defamation claims, but argues that he was lulled into missing the one-year deadline by a union representative who told him that his grievance would not be arbitrated if he filed a civil suit. The district court properly rejected this argument because the statement was not made by Boeing. See Church Mut. Ins. Co. v. Rison, 823 P.2d 209, 212 (Kan.Ct.App.1991). Nevertheless, the court held that Boeing was estopped from raising the statute of limitations defense because "[t]he general rule appears to be that where a defendant accepts arbitration of a given dispute, and engages in further actions indicating an intent to pursue the claim via arbitration (such as the naming of an arbitrator), the defendant is estopped from arguing the statute of limitations as a defense to subsequent litigation after the failure of arbitration."
 
 
 8
 We conclude that the district court's reliance on this rule was erroneous under the circumstances. As the cases relied on by the district court indicate, the rule is intended to prevent defendants from agreeing to arbitrate a particular claim and then withdrawing from arbitration and defending against subsequent litigation of that same claim after the statute of limitations has passed. See, e.g., Glantzis v. State Auto. Mut. Ins. Co., 573 So.2d 1049, 1051 (Fla.Dist.Ct.App.1991). The rule does not apply in this case where the untimely claims--false imprisonment and defamation--are different from the wrongful termination claim that was the subject of arbitration. Because Duggins was not precluded from filing false imprisonment and defamation claims during the pendency of the grievance and arbitration process, we reject the district court's equitable estoppel finding and conclude that the claims are barred by the statutes of limitations.
 
 
 9
 With respect to the invasion of privacy and due process claims, we agree with the district court's findings and conclusions and affirm for substantially the same reasons set forth in the district court's Memorandum and Order filed October 2, 1991.
 
 
 10
 We DISMISS Boeing's cross-appeal and AFFIRM.
 
 
 
 *
 Honorable Paul H. Roney, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3