(25 P.3d 158)
No. 85,521

SANDRA MAST, *Appellant*, v. BRADLEY E. KINNARD and CITY OF WICHITA, *Appellees*.

Opinion filed June 15, 2001.

*Robert I. Cornwell* and *Kent J. Collins*, of Wichita, for the appellant.

*Kelly J. Rundell*, assistant city attorney, and *Gary E. Rebenstorf*, city attorney, for the appellees.

Before PIERRON, P.J., MARQUARDT, J., and BUCHELE, S.J.

PIERRON, J.: In this personal injury/automobile accident case, Sandra Mast appeals the district court's ruling that her negligence action is barred by the statute of limitations. We reverse.

The facts are not in dispute. On March 16, 1998, Bradley Kinnard, an employee and driver of a City of Wichita (City) dump truck, changed lanes and collided with Mast's van. Mast suffered personal injuries and property damage. A little over a month after the accident, on April 24, 1998, the City paid $1,865 directly to Mast for damages to her van. In return for the payment, Mast executed a release form, releasing the City and its employees and officials from any further liability for property damage resulting from the accident.

On March 14, 2000, Mast mailed a claim for damages to the city clerk as required by K.S.A. 2000 Supp. 12-105b(d). On March 16, 2000, the same day the City received the claim, the City faxed a denial to Mast's attorney. Mast's attorney denied receiving the fax but stated he received a denial in the mail on March 20, 2000.

On March 23, 2000, Mast filed a petition in district court claiming over $75,000 in personal injuries due to the negligence of Kinnard and the City in causing the accident. The City filed a motion to dismiss and/or for judgment on the pleadings, contending Mast's

lawsuit was filed after the expiration of the statute of limitations. At the hearing on the motion to dismiss, the parties focused their arguments on the notice aspects of the Kansas Tort Claims Act and whether Mast timely filed her action after receiving the denial of the claim by the City. The parties did not argue over the commencement date of the statute of limitations. The district court granted the motion to dismiss, finding Mast had failed to timely file her cause of action after receiving notice of the denial of her claim.

Mast filed a motion to reconsider the district court's decision to dismiss her lawsuit. At the hearing on the motion, Mast argued her lawsuit was timely because the date of the accident, March 16, 1998, was not the proper date to commence the running of the 2-year statute of limitations. Mast argued the City's payment of her personal property damages was a payment under K.S.A. 40-275 and therefore tolled the running of the statute of limitations until April 24, 1998, the date of the payment. The district court held the City's payment did not fall within K.S.A. 40-275 and that Mast had filed her lawsuit outside the statute of limitations.

Mast argues the City's $1,865 payment to her on April 24, 1998, was a payment contemplated by K.S.A. 40-275 and, as a result, tolled the statute of limitations until that date. Therefore, she contends her negligence lawsuit filed on March 23, 2000, was timely.

The interpretation and application of a statute of limitations is a question of law. This court's review of conclusions of law is unlimited. *Brown v. State*, 261 Kan. 6, 8, 927 P.2d 938 (1996).

The statute of limitations for a cause of action based on negligence is 2 years. K.S.A. 2000 Supp. 60-513(a)(4). Normally, in a cause of action arising out of an automobile accident, the statute of limitations commences on the date of the accident. See, *e.g.*, K.S.A. 2000 Supp. 60-513(b); *Roe v. Diefendorf*, 236 Kan. 218, 689 P.2d 855 (1984). However, when payments are made pursuant to K.S.A. 40-275, the running of the statute of limitations is tolled until the date of the last payment or partial payment. K.S.A. 40-275 provides:

"No advance payment or partial payment of damages, predicated on possible tort liability, as an accommodation to an injured person, or on his behalf to others,

or to the heirs at law or dependents of a deceased person of medical expenses, loss of earnings and other actual out of pocket expenses, because of an injury, death claim, property loss or potential claim against any person, firm, trust or corporation, shall be admissible into evidence as an admission against interest or admission of liability by such party or self insurer, or if paid by an insurer of such party, as the insurer's recognition of such liability with respect to such injured or deceased person, or with respect to any other claim arising from the same accident or event. Any such payments shall, however, constitute a credit and be deductible from any final settlement made or judgment rendered with respect to such injured or deceased person. In the event of a trial involving such a claim, the fact that such payments have been made shall not be brought to the attention of the jury: *Provided*, If after an advance payment or partial payment is made as herein provided for, and thereafter it shall be determined by final judgment of a court of competent jurisdiction that the person, firm, trust or corporation is not liable for an amount sufficient to satisfy the advance payment or partial payment, such person, firm, trust or corporation shall have no right of action for the recovery of any such a payment: *Provided further, That the period fixed for the limitation for the commencement of actions shall commence on the date of the last payment or partial payment made hereunder.*" (Emphasis added.)

Mast contends the City's payment satisfies all the necessary elements under K.S.A. 40-275: (1) It was a partial payment of Mast's damages; (2) it was predicated on the possible tort liability of the City; (3) it was an accommodation to Mast; and (4) it was for actual expenses of property loss incurred by Mast.

Kansas courts have repeatedly stated the purpose and intent of K.S.A. 40-275. The court in *Howard v. Edwards*, 9 Kan. App. 2d 763, 765, 689 P.2d 911 (1984), explained that K.S.A. 40-275

"permits a tort defendant to make advance payment of damages to an injured party without the payment constituting an admission of liability. The payments are credited against any settlement or judgment, but may not be recovered in the event of a defendant's verdict. The statute obviously encourages prompt payment of injured persons' losses without waiting for the ultimate resolution of the tort claim."

With regard to the language in final clause of K.S.A. 40-275 concerning the extension of the statute of limitations, the court in *Lytle v. Pepsi Cola General Bottlers, Inc.*, 8 Kan. App. 2d 332, 337, 656 P.2d 786, *rev. denied* 233 Kan. 1092 (1983), stated:

"The last proviso in the statute was obviously intended to protect an injured party who receives advance or partial payments. It prevents a party from negotiating with the injured person and making partial payments until the statute of

limitations has run and then refusing further negotiation or payment, leaving the injured person without complete recovery."

The court in *Lytle* considered a factual situation virtually identical to the case at bar. On May 4, 1977, an automobile accident occurred between a car driven by Lytle and a vehicle driven by an employee of Pepsi. Lytle suffered personal injuries and property damage to his car. Within 1 month of the accident, an adjuster for Pepsi's insurance carrier contacted Lytle and settled the claim for property damage to the car. On June 20, 1977, Lytle executed a release of all claims for property damages. With regard to Lytle's personal injuries, on April 17, 1978, Pepsi's insurance carrier reimbursed Lytle's insurance carrier $2000 for the personal injury protection benefits (PIP) paid to Lytle. On March 27, 1979, Lytle sent a claim letter to Pepsi's insurance carrier for damages of approximately $17,000 and, after the claim was denied, he filed suit on August 31, 1979.

The ultimate holding of *Lytle* is that the reimbursement payment of PIP benefits on April 17, 1978, was not an accommodation payment under K.S.A. 40-275 and therefore the 2-year statute of limitations had expired when Lytle filed his lawsuit on August 31, 1979. For the purpose of the case at bar, the *Lytle* court also addressed the application of K.S.A. 40-275 to the personal property damages payment made to Lytle on June 20, 1977. The City argues the *Lytle* court's comments on K.S.A. 40-275 are dicta and should be given no precedent. The *Lytle* court stated:

"The payment made by defendant's insurer to the plaintiff on June 20, 1977, in settlement of his claim for damages to his car, obviously falls within the category of a payment which tolls the statute of limitations. It was not an admission of liability, but it provided monetary assistance to the plaintiff during the pendency of his claim. It was also an accommodation to him, whether paid to him directly or paid to the car repairer on his behalf. In this respect, it fulfilled the purpose of the statute." 8 Kan. App. 2d at 335.

We find no merit in the City's argument that its payment of all Mast's car/property damage claims was not a partial payment under K.S.A. 40-275. Mast's damage suffered in the automobile accident included both property damage and personal injuries. Satisfying all of her property damage claims did not make the payment a full

payment of all the damages alleged by Mast. The City's implication that Mast's personal injuries and her property damage constituted two separate causes of action is incorrect. If the City had not paid Mast's personal property damages, she would have been required to bring all her claims related to the automobile accident in the same lawsuit; otherwise, res judicata would bar further lawsuits. See *Pretz v. Lamont*, 6 Kan. App. 2d 31, 34-35, 626 P.2d 806, *rev. denied* 229 Kan. 671 (1981) (An injured party is limited to one lawsuit for property and/or personal injury damages resulting from a single tort alleged against the wrongdoer. This is in accord with the general rule that if an action is brought for part of a claim, a judgment obtained in the action precludes the plaintiff from bringing a second action for the residue of the claim.)

We agree with Mast and the court's dicta in *Lytle* and find that the City's payment of Mast's property damages was a payment contemplated by K.S.A. 40-275. The payment was a partial payment of Mast's damages alleged from the automobile accident. It was predicated on the possible tort liability of the City. The possibility of tort liability is clearly evident in the release signed by Mast on April 24, 1998, where the terms "personal injury" are expressly crossed out and not made a part of the release.

The City's payment was also an accommodation to Mast for payment to repair her automobile—expenses which were undisputedly incurred from the accident. In *Lytle,* the court stated: "The generally accepted meaning of the term 'accommodate' as used in the context of the statute, is 'to help' or 'to do a service or favor for' someone (Webster's New World Dictionary 9 [2nd Coll. ed. 1974])." 8 Kan. App. 2d at 335. The court in *Bryan v. Davis*, 11 Kan. App. 2d 691, Syl. ¶ 2, 732 P.2d 805 (1987), explained: "Typically, a payment as an accommodation by an insurer involves the insurer providing monetary assistance to the injured party during the pendency of his claim. [Citing *Lytle.*]"

The City argues its payment in this case does not fall within K.S.A. 40-275 because it must be a voluntary payment. The City cites *Church Mut. Ins. Co. v. Rison*, 16 Kan. App. 2d 315, 320, 823 P.2d 209 (1991), where the court held that restitution payments made in a criminal action are not considered advance payments

under K.S.A. 40-275 and do not toll the applicable statute of limitations for purpose of a civil action arising from the same act or occurrence. The court stated Rison's payments were not the result of negotiations, were court-ordered, and were a condition of his probation. 16 Kan. App. 2d at 320.

The City argues that its payment, similar to the restitution payments in *Church Mut.,* was not an accommodation. The City contends its payment was not voluntary due to the potential assessment of attorney fees under K.S.A. 2000 Supp. 60-2006. In an action brought for recovery of *property damages only* of less than $7,500 sustained and caused by negligent operation of a motor vehicle, K.S.A. 2000 Supp. K.S.A. 60-2006 permits the prevailing party to recover attorney fees *unless* the prevailing party recovers no damages or the adverse party tendered an amount equal to or in excess of the judgment recovered. The City argues K.S.A. 2000 Supp. 60-2006 compelled the April 24, 1998, payment in order to avoid the adverse consequence of being required to pay Mast's attorney fees. The City maintains the $1,865.80 was not a voluntary payment intending to help Mast but was a payment made to avoid the attorney fee provision of K.S.A. 2000 Supp. 60-2006.

The City contends the language in *Lytle* relied upon by Mast is not only dicta, but also that when the Supreme Court decided *Lytle* in 1977, 60-2006 permitted the receipt of attorney fees only if *all damages* sought were less than $500. In contrast, today 60-2006 allows attorney fees in automobile negligence lawsuits only *for property damages* less than $7,500.

The City also states that K.S.A. 40-275 requires that any payment made under the statute shall be a credit against a judgment received by the plaintiff. The City argues its payment of property damages is not one contemplated by K.S.A. 40-275 because the payment could not have been deducted from any judgment Mast received in her lawsuit for personal injury damages.

Our interpretation of K.S.A. 40-275 will not hinder or chill an insurance company/defendant's prompt payment of personal property damages. As Mast points out, the computation of property damages in an automobile accident is relatively simple. The prompt payment of property damages facilitates an expedient final settle-

ment of all claims arising from an automobile collision by disposing of the property damage issue and allows the parties to focus on the factual and legal issues surrounding a plaintiff's personal injuries. The prompt payment of these claims is in the best interest of the insurance companies since the 2-year statute of limitations would run from the date of the last partial payment pursuant to K.S.A. 2000 Supp. 60-2006.

The City complains that it is unfair to give a plaintiff an entirely new 2-year statute of limitations for a personal injury claim commencing from the date of the payment of the property damages. The City suggests a situation where a property damage claim resulting from an automobile accident is paid a month before the 2-year statute of limitations has run. The City contends the legislature could not have intended to give a plaintiff an entirely new 2-year statute of limitations and in essence allow for a 4-year period of limitation following an accident. The City maintains the encouragement to settle claims and the prosecution of actions while witnesses and evidence are still fresh goes against extending the statute of limitations in its example.

We recognize the City's complaint but realize we are dealing with a factual scenario in the present case where the statute of limitations is extended for approximately 1 month beyond the normal 2-year statute of limitations. We also find K.S.A. 40-275 expressly provides for extending the statute of limitations for payments under the statute as a clear indication the legislature intended to extend the statute of limitations if applicable. The City's complaint of unfairness is better addressed by the legislature.

The district court erred in granting the City's motion to dismiss. The 2-year statute of limitations commenced on April 24, 1998. Consequently, Mast's lawsuit filed on March 23, 2000, was timely.

Reversed.