STATE EX. REL. JACKSON and another, Petitioners, vs. LEICHT, Circuit Judge, Respondent.

*March 20—April 11, 1939.*

*Irving P. Mehigan* of Milwaukee, and *Charles F. Smith* of Wausau, for the petitioners.

*O'Melia & Kaye* of Rhinelander, and *Harold M. Wilkie* of Madison, for the respondent.

FOWLER, J.  An order was issued by the chief justice requiring the Hon. GEORGE J. LEICHT, circuit judge for Oneida county, to show cause why an alternative writ of *mandamus* should not issue from this court commanding him to issue an order changing the venue of an action pending in said court to the circuit court for Vilas county.  On return of the order the court assumed jurisdiction.  It was stipulated that the petition asking this court to take jurisdiction be taken as the petition for the writ of *mandamus;* that the return of the circuit judge to the order to show cause be taken as the return to the alternative writ; and that the relators demur to the return for insufficiency of facts to justify denial by the circuit court of a motion to change the venue of the said action.

The action in which the change of venue is sought was brought by Wilbur Pecor, an infant, by Frank Pecor, his guardian *ad litem,* and Frank Pecor, father of Wilbur, in person, against the Home Indemnity Company of New York, to recover damages for injuries sustained by the plaintiffs in an automobile collision proximately caused by the negligence of George Jackson, the driver of an automobile of his father, upon which the defendant had issued its policy of collision insurance containing the statutory extended coverage clause. The damages demanded aggregate $25,000.  The summons and complaint were served on the company on January 4, 1939.  The defendant answered the complaint admitting issuance of its policy with extended coverage as stated on the automobile driven by Jackson indemnifying the owner against loss through collision but limiting its liability to $10,000. The answer denied the alleged negligence of Jackson, but set up no other defense to the action.  On February 4, 1939, the defendant moved the court to interplead Jackson as a defendant in the case, but set up no claim whatever against him. The plaintiffs resisted the motion on the grounds that the

driver of the car was a minor without means, that they were not demanding any relief against him as a judgment against him would be worthless; that they would not make any demand against him if he were made a party defendant; and that he was not a necessary party to the action or a proper party in view of the fact that no relief was or would be demanded against him by the plaintiffs or was or could be demanded against him by the insurance company. The court granted the motion and ordered that the summons and complaint be amended and served upon Jackson, but only after stating there must be no delay and that the case must be ready for trial at the term of the court to convene in Oneida county on March 6th, and expressed assent thereto by the insurance company. An amended summons and complaint identical with the original except that Jackson was named as a defendant was served on Jackson on February 7th. The plaintiffs in the amended complaint, through typographical error, inadvertently used the plural "defendants" instead of the singular "defendant" in their prayer for judgment, but this error was corrected and stood corrected when the motion for change of venue was made so that the plaintiffs ask no relief against Jackson. No answer has been served by or in behalf of Jackson.

At the opening of the March term of the court in Oneida county the defendant insurance company and the interpleaded defendant, contrary to the understanding and assurance above stated that there would be no delay and the case would be ready for trial at the said term, joined in a motion to the court to change the venue of the action to Vilas county on the ground that the defendant Jackson was a resident of Vilas county and the plaintiffs upon demand had refused to consent to such change.

The court denied the motion for the reasons, (1) that the Home Indemnity Company had waived its right, if any it had, to a change of venue by failing to move therefor within

the time required by law; (2) that granting the motion would work delay in the trial and was contrary to the understanding on which Jackson was made a party by the court; (3) that an answer of Jackson had been prepared but had not been served and the time for service thereof had expired and he was in default; and (4) that the court doubted that the impleaded defendant was either a necessary or proper party, and that as there was no issue and in view of the facts above stated could be none between him and the plaintiffs or him and the defendants, the motion was made for the benefit of the defendant insurance company only, and the company had no right to such change either on the ground of Jackson's residence or that the accident involved occurred in Vilas county.

The circuit judge in his return joined in requesting the court to take jurisdiction of the action and determine whether a person against whom no relief is asked by the plaintiff and against whom the defendant can bring no cross complaint is a "necessary" or "proper" party to an action.

Upon the facts above stated we rule that the defendant Jackson is neither a necessary nor proper party to the instant action. That he is not a necessary party has been already ruled by *Elliott v. Indemnity Ins. Co.* 201 Wis. 445, 230 N. W. 87, and *Oertel v. Fidelity & Casualty Co.* 214 Wis. 68, 70, 251 N. W. 465. To that ruling we adhere, and there is no need to say anything more about the ruling than is said in the opinions in those cases.

As to Jackson being a proper party it seems to us manifest that as no party to the case is asking or can ask any relief against him and he is not asking any relief against any party to the case, he is not a proper party to the case under the existing situation. Not being properly a party he is not entitled to a change of the place of trial although he is on the record as it stands a nominal party. A change of venue is granted only to give the defendant moving for it a right to a

trial in the county of his residence or some other "proper" place of trial if there be any other. Sec. 261.03, Stats. Sec. 261.01 (11), Stats., fixes the "proper" place of trial of actions based on negligent operation of motor vehicles as the county where the cause of action arose or the county where the defendant resides. True Oneida county is not a "proper" place of trial within this statute. But sec. 261.02 provides that the county designated in the complaint shall be the place of trial except in a case under sub. (1) of sec. 261.01, Stats., not here applicable, unless the defendant within twenty days after service of the complaint shall serve on the plaintiff a demand in writing that the trial be had within the proper county, specifying the proper county or counties, and the reason therefor. If the plaintiff fails after such demand to consent to the change in writing, specifying the "proper" county if there be more than one in which the action shall be tried, then the defendant may move the court to order a change of the place of trial and the court "shall" order the place of trial changed. Sec. 261.03, Stats. The insurance company did not act under this statute. By not so acting it lost its right to a change of venue to the county where the cause of action arose. As Jackson, who will not be affected by the judgment entered, can have no reason for or object in having the action tried, it is plain that the motion is made solely for some supposed benefit or advantage the insurance company would secure by having the change of place of trial ordered. The circuit court, aside from any other reason laid for denial of the motion for change, was entirely justified in denying a motion made solely for the benefit and advantage of a defendant who had no right to a change of venue on account of Jackson's residence and had lost its right to a change on the ground that the cause of action arose in Vilas county. The defendants seem to place some reliance on the closing sentence of sec. 261.03, Stats.:

"The right to obtain a change of the place of trial shall not be affected by any other proceedings in the action."

But what has deprived the insurance company of right to change of venue is not any proceeding, but want of a proceeding by it under the statute that confers the right within the time allowed thereby for asserting the right.

Counsel for the defendants in effect base their whole case on the proposition that the language of sec. 261.03, Stats., is that "the defendant" may have a change of venue, and as Jackson by the order of the court was made a defendant by the service of the summons and complaint upon him, he must be granted a change regardless of the fact that he has no interest to be protected and no advantage to be secured by such change. But statutes are to be construed according to their intent.

"In pursuance of the general object of giving effect to the intention of the legislature, the courts are not controlled by the literal meaning of the language of the statute, but the spirit or intention of the law prevails over the letter thereof, it being generally recognized that whatever is within the spirit of the statute is within the statute although it is not within the letter thereof, while that which is within the letter although not within the spirit, is not within the statute. Effect will be given the real intention even though contrary to the letter of the law. The rule of construction according to the spirit of the law is especially applicable where adherence to the letter would result in absurdity." 59 C. J. p. 964, § 573; 2 Lewis' Sutherland, Statutory Construction (2d ed.), p. 730.

Our own decisions are in accord with this statement. *Rice v. Ashland County,* 108 Wis. 189, 84 N. W. 189, is extensively quoted from in the text last above cited. The text (p. 724) quotes from page 192 of the opinion:

"Uncertainty of sense does not alone spring from uncertainty of expression. It is always presumed, in regard to a statute, that no absurd or unreasonable result was intended by the legislature. Hence if, viewing a statute from the standpoint of the literal sense of its language, it is unreasonable or absurd, an obscurity of meaning exists, calling for judicial construction. . . . We must, in that event, look to the act as a whole, to the subject with which it deals, to the

reason and the spirit of the enactment, and thereby, if possible, discover its real purpose; and if such purpose can reasonably be said to be within the scope of the language used, it must be taken to be a part of the law the same as if it were plainly expressed by the literal sense of the words used."

This rule was applied in the *Rice Case* to exclude from the statute involved a situation within the literal language of a statute, but not within its purpose and intent. Many illustrations of the rule above stated are given in Lewis' Sutherland, *supra*. Sec. 385, p. 741, of the text is headed "Implied exceptions to general language" and begins "The general terms of a statute are subject to implied exceptions founded on the rules of public policy, and the maxims of natural justice, so as to avoid absurd and unjust consequences." At page 742 it is stated that although a federal statute provided that all Chinese laborers within the United States must register within six months or be deported, a Chinese woman who had not registered within that period, who after expiration of the period married an American citizen, was not within the act. *Tsoi Sim v. United States* (9th Cir.), 116 Fed. 920. Another act of congress made it unlawful for any person to pay the transportation or encourage the importation of any alien into the United States under a contract to perform service of any kind, but excepted professional actors, artists, lecturers, singers, and domestic servants. A church procured a rector from England. It was held that notwithstanding the general language and that the clergymen were not expressly excepted, professional services were not within the statute. *Church of the Holy Trinity v. United States,* 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226. The New York code gave a next of kin the right to bring a suit to contest a will. It was held that next of kin could not bring suit without showing that they would have some interest in the property if the will were set aside. *Miller v. Maujer,* 82 App. Div. 419, 81 N. Y. Supp. 575. A statute requiring each voter to retire separately to a compartment and there mark his ballot un-

aided was held not to apply to an illiterate voter. *Rogers v. Jacob,* 88 Ky. 502, 11 S. W. 513.

The purpose and object of the instant statutes plainly are to provide that a defendant whose interests will be affected by the trial of a case shall be given the right to have it tried in a county designated by the statutes as a "proper" place of trial. The statutes are aimed at protection of pecuniary, property, and proprietary interests. It would be absurd and unreasonable to assume that the legislature intended that a person who had no interest that could be affected by the event of an action should be given the right to control its place of trial. As Jackson has no interest to be affected by the judgment he is not within the spirit or the sense of the statutes and is not entitled to a change of the place of trial. Just as clearly the insurance company is not entitled to such change because it has lost the right to it by the plain terms of sec. 261.02, Stats., if it had right to such change in the first instance.

As the above rules the case there is no need to discuss the other grounds laid by the plaintiffs in support of the action of the court.

*By the Court.*—The demurrer to the petition is sustained and the petition is dismissed on the merits.