STATE EX REL. SPRINKMAN, Petitioner, vs. HUIRAS, County Judge, Respondent.

*February 13—March 10, 1942.*

*Martin J. Brennan* of Milwaukee, for the petitioner.

*Nathan Pereles, Jr.,* of Milwaukee, *William F. Schanen* of Port Washington, and *Walter D. Corrigan, Sr.,* of Milwaukee, for the respondent.

FOWLER, J.    Elsa P. Sprinkman commenced an action for divorce against the relator, Walter M. Sprinkman, in the county court of Ozaukee county.    The summons and complaint were served on November 21, 1941.    In her complaint the plaintiff alleged the residence of both parties as Washington county.    On the day following the service of the summons the attorney for the relator demanded a change of venue to Washington county on the ground that that was the county of the residence of both parties.    Motion to change the venue was not presented to the court until February 2, 1942.    The court denied the motion on the ground that it was not made within the time prescribed by statute.

Sec. 261.02, Stats., provides that the county designated in the complaint shall be the place of trial, unless the venue is changed as provided in ch. 261, Stats.

Sec. 261.01 (3), Stats., provides that the "proper place of trial" of an action for divorce shall be the county wherein either party resides.

Sec. 261.03, Stats., reads:

"When the county designated in the complaint is not the proper place of trial, except as to actions named in subsection (1) of section 261.01 [not here relevant], the defendant may, within twenty days after the service of the complaint, serve upon the plaintiff a demand in writing that the trial be had within a proper county, specifying the county or counties, and the reason therefor.    Within five days after service of such demand the plaintiff may serve a written consent that the place of trial be changed, and specify to what county, if he have the option to name one and such consent shall change the place of

trial accordingly. If the plaintiff's consent be not so served the defendant may, within twenty days after the service of his demand, move to change the place of trial, and the court or the presiding judge shall order the place changed with costs of motion. The right to obtain a change of the place of trial shall not be affected by any other proceedings in the action."

The action was not commenced in a proper county under sec. 261.01 (3), Stats. In *State ex rel. Jackson v. Leicht,* *231 Wis. 178, 182, 285 N. W. 335,* we held that a defendant originally entitled to a change of venue under the statute above quoted lost its right to a change by failing to move therefor within the time required by law.

Under the statutes and the decision above cited it is manifest that the relator lost his right to a change of venue although Washington county be the county of his residence by not pressing his motion for a change within twenty days from the service of the complaint. The relator claims to be relieved from obligation to move the court within twenty days because of an agreement between counsel, but such an agreement if made would render his later motion ineffective because there was no stipulation in open court or in writing evidencing it, and opposing counsel denies making such agreement. Sec. 269.46 (2), Stats., provides:

"No agreement, stipulation or consent, between the parties or their attorneys, in respect to the proceedings in an action or special proceeding, shall be binding unless made in court and entered in the minutes or made in writing and subscribed by the party to be bound thereby or by his attorney."

In view of this rule we must hold that the relator's motion for change of venue was not timely made.

Other matters were suggested on the argument, but in view of the above they need not be considered.

*By the Court.*—The motion to quash the alternative writ is granted and the action dismissed.