Robert ABRAHAM and Jean Abraham,
Plaintiffs-Respondents,

v.

MILWAUKEE MUTUAL INSURANCE COMPANY, and Harold
L. Welhouse, Defendants-Appellants.†

Court of Appeals

*No. 83–040. Submitted on briefs September 22, 1983.—
Decided October 26, 1983.*

For the defendants-appellants the cause was submitted
on the briefs of *Chase, Olsen Kloet & Gunderson,* with
*James O. Conway* of counsel, of Sheboygan.

† Petition to review denied.

For the plaintiffs-respondents the cause was submitted on the brief of *Walter F. Gregorski* of *Dewane, Gregorski, Dewane & Kummer* of Manitowoc.

Before Scott, C.J., Voss, P.J., and Brown, J.

SCOTT, C.J.   Milwaukee Mutual Insurance Company and Harold L. Welhouse appeal from a judgment and an order denying their motion to dismiss a personal injury claim based on the defense of the statute of limitations. The issue on appeal is whether a property payment in settlement or advance under sec. 885.285(1), Stats., extends the statute of limitations under sec. 893.12, Stats.,[1] for a personal injury claim.[2] We hold that a property payment does extend the statute of limitations for a personal injury claim but only if made within the three-year limitation period provided by sec. 893.54(1).[3] Because Milwaukee Mutual made the property payment within the three-year period specified by

---

[1] Section 885.285(1), Stats., reads:

No admission of liability shall be inferred from the following:

(a) A settlement with or any payment made to an injured person, or to another on behalf of any injured person, or any person entitled to recover damages on account of injury or death of such person; or

(b) A settlement with or any payment made to a person or on the person's behalf to another for injury to or destruction of property.

Section 893.12, Stats., reads:

The period fixed for the limitation for the commencement of actions, if a payment is made as described in s. 885.285(1), shall be either the period of time remaining under the original statute of limitations or 3 years from the date of the last payment made under s. 885.285(1), whichever is greater.

[2] On August 8, 1983, this case was certified to the Wisconsin Supreme Court. Certification was denied on August 30, 1983.

[3] Section 893.54(1), Stats., reads:

The following actions shall be commenced within 3 years or be barred:

(1) An action to recover damages for injuries to the person.

sec. 893.54, Abraham's personal injury claim was not barred.

Robert Abraham was involved in an automobile accident on September 8, 1977, suffering both personal injury and property damage. On November 7, 1977, Milwaukee Mutual paid Abraham for the property damage. Abraham filed a claim for personal injuries on October 9, 1980, a more than three years after the accident. Relying on sec. 893.12, Stats., and sec. 885.285(1), Stats., the trial court held that the property payment extended the statute of limitations for Abraham's personal injury claim an additional three years from the date of payment.

Milwaukee Mutual argues that the statutes involved should be construed so as to allow an extension of the statute of limitations under sec. 893.12, Stats., only if the payment made under sec. 885.285, Stats., is of the same type as the claim to be extended, *i.e.*, a payment for property damage would extend the time in which to commence a suit for property damage only and a payment for personal injuries would extend the time in which to commence a personal injury suit only. We disagree.

Statutory construction is a question of law, and, therefore, a reviewing court is not bound by the trial court's conclusions. *Behnke v. Behnke,* 103 Wis. 2d 449, 452, 309 N.W.2d 21, 22 (Ct. App. 1981). The primary source of statutory construction is the language of the statute itself. *Kimberly-Clark Corp. v. Public Service Commission of Wisconsin,* 110 Wis. 2d 455, 462, 329 N.W.2d 143, 146 (1983). If the statutory language is plain and clearly understood, that meaning must be given to the statute. *In Matter of Athans,* 107 Wis. 2d 331, 335, 320 N.W.2d 30, 32 (Ct. App. 1982).

Section 893.12, Stats., provides that the statute of limitations "for the commencement of actions, if a payment is made as described in s. 885.285(1), shall be *either the period of time remaining under the original* statute of limitations or *3 years from the date of the last payment made under s. 885.285(1)*, whichever is greater." (Emphasis added.) Section 885.285(1), Stats., consists of two subsections: (a) personal injury, and (b) property damage. Section 893.12 does not specify the types of payment necessary to extend the statute of limitations. Therefore, we hold that under the plain meaning of these provisions, any payment made in advance or settlement of either personal injury or property damage claims extends the limitation period for a personal injury claim.

However, this holding is not without a limited restriction. The language of these provisions further suggests that for any payment to extend the limitation period for a personal injury claim, it must be made within "the period of time remaining under the original statute of limitations." Sec. 893.12, Stats. In this case, the "original statute of limitations" for a personal injury claim is three years. Sec. 893.54(1). Therefore, we hold that any payment made in advance or settlement of either a personal injury or a property damage claim extends the limitation period for a personal injury claim only if made within the three-year limitation period designated by sec. 893.54.

Construction of secs. 893.12 and 885.285, Stats., without the above restriction, would permit the absurd result of reinstating a personal injury claim, otherwise barred under the three-year limitation period of sec. 893.54, simply because a property payment is made under

sec. 885.285. Such a situation would totally nullify the effect of sec. 893.54(1) which provides that a personal injury claim must be "commenced within 3 years *or be barred.*" (Emphasis added.)

Our construction, on the other hand, which takes cognizance of the plain meaning and intent of the statutory language, provides a reasonable harmonization of secs. 885.285 and 893.12, Stats., with sec. 893.54(1), all of which pertain to the same subject matter, *State v. Burkman,* 96 Wis. 2d 630, 642, 292 N.W.2d 641, 647 (1980), while avoiding the absurd consequences possible if the plain meaning is extended without restriction. *State ex rel. Opelt v. Crisp,* 81 Wis. 2d 106, 116, 260 N.W.2d 25, 30 (1977). It gives effect to the requirements of sec. 893.54(1) while avoiding the absurd result of reopening a claim which has expired.

Therefore, under the facts of this case, we affirm the trial court's decision extending Abraham's personal injury claim an additional three years from the date of Milwaukee Mutual's property payment. Because the property payment was made within the limitation period for personal injury claims under sec. 893.54, Stats., the extension provisions of sec. 893.12 were properly applied.

*By the Court.*—Judgment and order affirmed.