# H.A. FREITAG & SON, INC., Plaintiff-Appellant,

## v.

# Phransay BUSH, Defendant-Respondent.

Court of Appeals

*No. 89-0015. Submitted on briefs July 7, 1989.—Decided August 15, 1989.*

(Also reported in 447 N.W.2d 71.)

For plaintiff-appellant there were briefs by *Carroll B. Callahan* and *Julia J. Groeschel* of *Callahan and Arnold,* Columbus.

For defendant-respondent there was a brief by *Gregory R. Wright* and *Shelia J. Kessler* of *Gregory R. Wright Law Offices,* Montello.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.  H.A. Freitag & Son, Inc. appeals a judgment and order dismissing its complaint based upon the trial court's determination that the statute of limitations had run. Freitag contends that the court erred by concluding that the statute of limitations had run. While we agree with the trial court that the judicially created discovery rule applies, we conclude that the statute of limitations is measured from the date the plaintiff knew both that a conversion had occurred and who was responsible for converting Freitag's assets. Because the complaint was filed within six years from the date that both the conversion and the perpetrator's identity were known, Freitag's complaint was not barred by the statute of limitations.

Freitag employed Phransay Bush as a bookkeeper. According to Freitag's complaint, it discovered in August, 1981, that in excess of $30,000 had been embezzled from corporate funds. Freitag maintains that it was not until almost one year later that it discovered Bush was responsible. In September, 1982, Bush was sentenced following her conviction on "embezzlement" charges. Bush was placed on probation for five years and ordered to pay restitution in the amount of $30,646.59. During her probationary period Bush did make some payments to Freitag, but a substantial portion was still due under the restitution order at the time she was discharged from probation. On August 27, 1987, the court remitted the balance of restitution due Freitag and permitted the probation to terminate as of September 1, 1987. On September 8, 1987, Freitag filed a summons and complaint to recover a judgment for the unpaid amounts allegedly "embezzled."

35

Both parties filed motions for summary judgment. The court denied Freitag's motion for summary judgment based upon its finding that there were disputed issues of material fact, but granted Bush's motion for summary judgment finding that the six-year statute of limitations for conversion had run. The court reasoned that the statute had run because in paragraph six of the complaint Freitag stated: "The plaintiff did not discover the criminal acts to which the defendant pleaded no contest, and was found guilty thereof, until on or about August, 1981." The court measured the six-year statute from the discovery of the theft in August, 1981, and concluded that the September 8, 1987, complaint was time barred. Despite the allegation in the complaint, Freitag maintains that it did not discover who was responsible for the loss of its property until August, 1982.

Freitag raises a variety of claims, only one of which must be addressed: Whether the September 8, 1987, complaint barred by the six-year statute of limitations is applicable to acts of conversion. Bush argues that the applicable statute of limitations is sec. 893.51, Stats., which provides for a six-year statute based on theft measured from the date of the theft. The statute provides in part: "[A]n action to recover damages for the wrongful taking, conversion or detention of personal property shall be commenced within 6 years after the cause of action accrues or be barred. The cause of action accrues at the . . . wrongful taking or conversion occurs, or the wrongful detention begins." Bush argues that under the clear language of this statute, the six-year statute of limitations period is measured from the date of taking and Freitag's complaint is accordingly time barred.

The supreme court has created by judicial decision a discovery rule that applies to all causes of action, except causes of action that have a statute of limitations that contains its own rule of discovery. *Hansen v. A.H. Robins Co., Inc.,* 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (1983). Because the statute of limitations for conversion or theft contains no rule of discovery, but by its plain language would act to bar a claim before the party owning the claim was aware of its existence, we find the judicially created discovery rule found in *Hansen* applicable to this case. *Id.*

Bush next contends that even though the *Hansen* rule of discovery may be applicable, Freitag's complaint is nonetheless time barred. Bush contends that the theft or embezzlement was discovered in August, 1981, which commenced the running of the six-year statute of limitations.

The rule of discovery enunciated in *Robins* requires that a party possessing a claim must be aware of the existence of the claim before the statute of limitations begins to run. This rule is based on the principle that the injustice of barring meritorious claims before a claimant knows of such claim outweighs the threat of stale or fraudulent claims. To effect this policy, it is necessary that the party possessing the claim have sufficient information not only of the existence of an injury but also of the cause of the injury. The supreme court stated in *Borello v. U.S. Oil Co.,* 130 Wis. 2d 397, 411, 388 N.W.2d 140, 146 (1986), "[U]nder Wisconsin law, a cause of action will not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, not only the fact of injury but also that the injury

was probably caused by the defendant's conduct or product."

If Freitag's contention that Bush's identity as the person responsible for the theft of its funds was not known until 1982 is correct, it is from that date that the statute of limitations begins to run. We hold that the judicially created discovery rule does not allow the statute of limitations to run until the party possessing the claim has sufficient information to permit a claim to be made. This holding is in accordance with the recent Wisconsin Supreme Court decision in *Spitler v. Dean,* 148 Wis. 2d 630, 436 N.W.2d 308 (1989). Awareness of an injury without identification of the party responsible is not sufficient to commence the statute of limitations because to do so would be to preclude claims during a period in which the party possessing the claim is unable to prosecute its cause of action. Our supreme court "has, over a period of years, developed a more acute appreciation of the plight of a plaintiff who is perhaps injured but whose cause of action is not complete in the sense of there being a potential for a truly enforceable claim . . .." *Borello,* 130 Wis. 2d at 420, 388 N.W.2d at 149. The same public policy that created the discovery rule compels the conclusion that the statute of limitations does not begin until the claimant is possessed with sufficient information to be able to prosecute its claim.

Freitag advances two additional reasons why its claim is not time barred. Because there may be a factual dispute as to when Freitag knew or should have known who was responsible for the conversion of its funds, and the resolution of that dispute may require the trial court to consider these contentions, we will address them here. First, Freitag contends that Bush is equitably estopped from asserting the statute of limitations because Bush failed to make the judicially mandated restitution during

the statutory period. We do not agree. The doctrine of equitable estoppel is found in *State ex rel. Susedik v. Knutson,* 52 Wis. 2d 593, 191 N.W.2d 221 (1971). Among the elements necessary to apply equitable estoppel, Bush must have been guilty of fraudulent or inequitable conduct. While Bush stands convicted of the crime of theft, it is not the underlying crime to which such a requirement refers. The fraudulent or inequitable conduct must cause the delay in filing the civil complaint and not relate to the underlying claim.

Bush's inability to discharge the court-ordered restitution is not the fraudulent or inequitable conduct necessary to invoke equitable estoppel. Bush, at her sentencing, expressed doubt regarding her ability to discharge a $30,000 order of restitution during her five-year probation. Payments were made during the probationary period, but a substantial portion remains unpaid. Freitag has shown no facts that would indicate that Bush in any way fraudulently acted to induce Freitag to delay any civil cause of action that it may possess during the probationary period. Because fraudulent or inequitable conduct during the probationary period inducing Freitag not to file its civil claim does not exist here, equitable estoppel may not be invoked to toll the statute of limitations.

Freitag also argues that the statute of limitations was tolled under secs. 893.12 and 885.285(1), Stats., based upon the restitution payments Bush made during her probationary period. Section 893.12 provides as follows:

> Advanced payment of damages; limitation extended. The period fixed for the limitation for the commencement of actions, if a payment is made as

described in s. 885.285(1), shall be either the period of time remaining under the original statute of limitations or 3 years from the date of the last payment made under s. 885.285(1), whichever is greater.

Section 885.285 refers to settlement and advanced payments made for damage claims. We conclude that these statutes do not apply to payments made pursuant to an order of restitution. Section 885.285 requires payment pursuant to a settlement so as to permit advanced payments or partial payments of claims to be made without any admission of liability being inferred from the making of such payments. Payments made pursuant to court-ordered restitution do not fall within the clear and unambiguous language of sec. 885.285 and therefore cannot be used to extend the statutory limitation period.

We conclude that the statute of limitations does not commence until both knowledge of the injury and the party responsible for the injury is known to the person possessing the cause of action. Assuming Freitag's claimed date of "discovery" is accurate, the statute of limitations had not run when Freitag filed the September 8, 1987, complaint. If Bush questions the date that Freitag was aware that she had converted its funds, the appropriate forum for resolution of that dispute is during the trial of this action. Because, at the very least, a dispute of material fact exists, the trial court erred by dismissing Freitag's complaint.

*By the Court.*—Judgment and order reversed.