Patricia RILEY, Plaintiff-Appellant,

v.

Jane DOE and Milwaukee Mutual Insurance Company,
Defendants-Respondents.

Court of Appeals

*No. 89-0684. Submitted on briefs July 6, 1989.—Decided
October 26, 1989.*

(Also reported in 449 N.W.2d 83.)

For the plaintiff-appellant the cause was submitted on the briefs of *Lee R. Atterbury* of *Johnson, Swingen, Atterbury, Riley & Luebke, S.C.* of Madison.

For the defendant-respondent Milwaukee Mutual Insurance Company the cause was submitted on the brief of *William A. Johnson* of *McCusker and Robertson, S.C.,* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   Patricia Riley appeals from a judgment dismissing her complaint for personal injuries she suffered in an automobile accident on June 24, 1985. The issue is whether her claim is barred by sec. 893.54(1), Stats.[1] We conclude that it is and affirm the judgment.

On December 4, 1985 the defendant Milwaukee Mutual Insurance Company paid the property damage claim of the owner of the automobile in which Riley was a passenger at the time of the accident. Riley began this action on November 4, 1988. The trial court dismissed Riley's claim because it was barred by sec. 893.54(1), Stats.

Riley argues that the period fixed by sec. 893.54(1), Stats., for commencing her action was tolled by sec. 893.12, which provides:

> The period fixed for the limitation for the commencement of actions, if a payment is made as described in s. 885.285(1), shall be either the period of time remaining under the original statute of limitations or three years from the date of the last payment made under s. 885.285(1), whichever is greater.

---

[1]Section 893.54, Stats., provides: "The following actions shall be commenced within 3 years or be barred: (1) An action to recover damages for injuries to the person."

Milwaukee Mutual's payment was made under sec. 885.285(1)(b).[2]

Riley began this action within three years of Milwaukee Mutual's payment to the vehicle owner. Her action would be timely if that payment extended the period fixed for commencement of her action. Whether it did requires that we construe secs. 893.12 and 885.285(1), Stats. The construction of a statute in relation to a given set of facts is a question of law, which we decide independently, without deference to the trial court's decision. *State v. Nordness,* 128 Wis. 2d 15, 24, 381 N.W.2d 300, 304 (1986).

In construing a statute, the primary source is the language of the statute itself. *Caldwell v. Percy,* 105 Wis. 2d 354, 361, 314 N.W.2d 135, 140 (Ct. App. 1981). Riley reads secs. 893.12 and 885.285(1), Stats., literally. Section 893.12 extends the period fixed for the limitation for the commencement of actions, "if *a* payment is made as described in s. 885.285(1)." (Emphasis added.) Section 885.285(1)(b) applies to "*any* payment made to a person or on the person's behalf to another for injury to or destruction of property." (Emphasis added.) Riley argues that a payment was made to another for injury to or destruction of property and that therefore the period fixed for commencement of her action under sec. 893.54(1) was extended to three years from the date of that payment. We disagree.

---

[2] Section 885.285(1)(b), Stats., provides:

No admission of liability shall be inferred from the following:
. . ..
(b)   A settlement with or any payment made to a person or on the person's behalf to another for injury to or destruction of property.

Under the literal construction urged by Riley, a party who has slept on his or her rights could have the period fixed for commencement of the party's action tolled by a fortuitous payment made to a third party. The purpose of statutes of limitation is to insure prompt litigation of claims and to protect defendants from fraudulent or stale claims brought after memories have faded or evidence has been lost. *Korkow v. General Cas. Co. of Wisconsin,* 117 Wis. 2d 187, 198, 344 N.W.2d 108, 114 (1984). When a person against whom a claim is made has made a settlement or an advance payment to the claimant, that person may investigate the claim. Such a person may, however, be unaware of a third party's claim.

A literal construction of secs. 893.12 and 885.285(1), Stats., leads to an unreasonable result which is contrary to the purpose of a statute of limitation. There is therefore such obscurity of meaning of the statutes as to require construction. *State ex rel. Jackson v. Leicht,* 231 Wis. 178, 183, 285 N.W. 335, 338 (1939). When an obscurity of meaning arises from the literal language of a statute, we must look to the act as a whole to discover its meaning. *Id.* at 183–84, 285 N.W. at 338.

We look at secs. 893.12 and 885.285, Stats., as a single act of the legislature. The substance of sec. 893.12 appeared originally in sec. 885.285(4), ch. 327, Laws of 1975. It was incorporated in sec. 893.12, which was created in the revision of the chapter on limitations of commencement of actions. Sec. 28, ch. 323, Laws of 1979. Section 885.285(4) was revised to read: "The period fixed for the limitation for the commencement of actions shall be as provided by s. 893.12." Sec. 27, ch.

323, Laws of 1979. The statutes are *in pari materia* and must be construed together. *State v. ILHR Department,* 101 Wis. 2d 396, 403, 304 N.W.2d 758, 762 (1981).

When the statutes are construed together, it is plain that sec. 893.12, Stats., tolls the statute of limitations only as to an action commenced by a party who has received a settlement or advance payment under sec. 885.285, Stats. Section 885.285(3) provides that "[a]ny settlement or advance payment under sub. (1) shall be credited against any final settlement or judgment *between the parties*." (Emphasis added.) The legislature intended that sec. 885.285 apply to a settlement or advance payment between parties. It would be anomalous to apply the protection of sec. 885.285(4) and 893.12 to a stranger to a settlement or advance payment. We therefore conclude that the period within which Riley could commence her action for her personal injuries was not extended by Milwaukee Mutual's payment in settlement of the vehicle owner's property damage claim.

*By the Court.*—Judgment affirmed.