MATTHEW F. ANICH, Corporation Counsel Ashland County
DAVID B. DEDA, Corporation Counsel Price County
You ask, in effect, whether all officers, employes and directors of entities that furnish human services to a county pursuant to section 46.23(5)(c) and (d), Stats., are precluded from serving on the county human services board.
In my opinion, the answer is yes.
The answer to your question depends upon how the term "public or private provider of services" contained in section46.23(4)(a)1. is defined. Section 46.23(4) provides in part as follows:
 COUNTY HUMAN SERVICES BOARD. (a) Composition. 1. In any single-county or multicounty department of human services, the county human services board shall be composed of not less than 7 nor more than 15 persons of recognized ability and demonstrated interest in human services. Not less than one-third nor more than two-thirds of the county human services board members may be members of the county board of supervisors. The remainder of the county human services board members shall be consumers of services or citizens-at-large. No *Page 31 public or private provider of services may be appointed to the county human services board.
In the health care context, the term "provider" is most commonly employed in the Medicare and Medicaid programs. In the Medicaid context, 42 C.F.R. § 400.203 (1990) indicates that the term "means any individual or entity furnishing Medicaid services under a provider agreement with the Medicaid agency." Specific examples of "providers" are given in the Medicare regulation, 42 C.F.R. § 400.202 (1990).
As is true with the Medicaid regulation, any individual or public or private entity furnishing "human services" as defined in section 46.23(2)(a) that are "provided or purchased or contracted for" within the meaning of section 46.23(5)(c) or "provided directly" within the meaning of section 46.23(5)(d) is a "provider of services."
It is clear that individuals who formally agree to provide human services are precluded from serving on the board under section 46.23(4)(a)1. The more difficult issue is whether officers, employes and directors of public or private legal entities such as corporations that furnish human services are also subject to the prohibition contained in section46.23(4)(a)1. It is my opinion that they are, for at least three reasons.
First, a statute must be construed so as to effectuate the intent of the Legislature. County of Columbia v. Bylewski,94 Wis.2d 153, 164, 288 N.W.2d 129 (1980). The general legislative intent surrounding the enactment of section 46.23 is to "develop and make available . . . a comprehensive range of human services in an integrated and efficient manner[.]" Sec. 46.23(1), Stats. A construction of section 46.23(4)(a)1. that avoids any possibility that preference will be accorded to one provider over another broadens the range of potentially available human services. The extension of the prohibition contained in section 46.23(4)(a)1. to individuals who own, direct or are employed by a provider fosters the intent surrounding the enactment of section 46.23. *Page 32 
Second, a literal construction of statutory language must be rejected where it would be "contrary to the purpose of a statute." Riley v. Doe, 152 Wis.2d 766, 770, 449 N.W.2d 83 (Ct. App. 1989). Although no legislative history concerning this particular prohibition was located in the drafting file of chapter 39, Laws of 1975, its obvious purpose was to eliminate potential conflicts of interest and assure complete fairness to all potential providers of services. Again, that statutory purpose is fostered if the prohibition contained in section46.23(4)(a)1. is construed to apply to officers, employes and directors of public or private entities.
Third, "the meaning of a doubtful phrase or word may be ascertained by reference to the meaning of the phrases and words associated with it." Midtown Church of Christ v. City of Racine,83 Wis.2d 72, 75 n. 4, 264 N.W.2d 281 (1978). The use of the word "public" indicates that the term "provider of services" is not limited solely to the legal entity that furnishes services, since there are few if any instances where a public provider of services would be an individual not under the employ of a public entity. In that regard, statutes must be construed to avoid results which are "unrealistic and unreasonable." Maxey v. RacineRedevelopment Authority, 120 Wis.2d 13, 20, 353 N.W.2d 812 (Ct. App. 1984). It would be both unrealistic and unreasonable to construe the statutory prohibition in a manner that would limit it to individuals that have formally agreed to furnish services to the board. To limit the applicability of the statute to individuals would provide an unfair advantage to governmental or private corporate providers, since corporations themselves do not serve on boards. From a competitive standpoint, the statute should therefore also be construed in such a fashion that it applies to individuals affiliated with corporate providers or other legal entities, both public and private.
Given these principles of statutory construction, I conclude that the prohibition contained in section 46.23(4)(a)1. was *Page 33 
intended to apply to the entirety of the legal entity that furnishes human services to the board. It therefore must be construed to encompass officers, employes and directors of public or private entities that furnish services to a board, since all such individuals are part of the legal entity that is the provider.
You also ask, in effect, whether section 46.23(4)(a)1. extends to people who do not furnish human services to the board, but are members of the immediate family of individuals subject to the prohibition on appointment contained in that statute.
In my opinion, the answer is no.
"The primary source used in construing a statute is the statutory language itself." State v. Sher, 149 Wis.2d 1, 8-9,437 N.W.2d 878 (1989). The term "public or private provider of services" is not susceptible of any interpretation that would result in its application to individuals not formally affiliated with an entity that furnishes human services to the board. The lack of such a prohibition may be an oversight on the part of the Legislature, since the Legislature has expressed its concern about the relationship between public officials and their immediate families in other statutory contexts. See, e.g., secs.19.44 and 19.46, Stats.
Other legal and practical considerations may, however, mitigate strongly against the appointment of members of the immediate family of individuals subject to the prohibition contained in section 46.23(4)(a)1. For example, a county may have an ethics ordinance. 66 Op. Att'y Gen. 148 (1977). Such an ordinance may impact upon the appointment of members of the immediate family. In addition, members of the immediate family may have conflicts of interest that would prohibit them from voting on certain matters that come before the board. See 76 Op. Att'y Gen. 15 (1987). As stated in 60 Op. Att'y Gen. 98, 99 (1971): "It is good governmental practice . . . for the appointing authority . . . to select supervisors and committee members who have the least potential for conflict of interest." *Page 34 
I therefore conclude that the prohibition on appointments to the human services board in section 46.23(4)(a)1. extends to individuals who are officers, employes and directors of entities that furnish human services to the board but does not extend to people who are members of the immediate family of individuals subject to that prohibition and who do not furnish such services to the board.
JED:FTC *Page 35