188 Wis.2d 68 (1994)
523 N.W.2d 193
Pearl J. GURNEY and Richard E. Gurney, Plaintiffs-Appellants,[]
BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN, Involuntary-Plaintiff,
v.
HERITAGE MUTUAL INSURANCE COMPANY, a Wisconsin insurance corporation, Supply Source, Inc., a Wisconsin corporation f/k/a Lubrication Station, Inc., and Wisconsin Quick Lube, Inc., a Wisconsin corporation d/b/a/ Jiffy Lube, Defendants-Respondents.
No. 93-3178.
Court of Appeals of Wisconsin.
Submitted on briefs August 11, 1994.
Decided September 29, 1994.
*69 For the plaintiffs-appellants the cause was submitted on the briefs of Dennis J. Sieg of McManus & Sieg, S.C. of Oregon.
For the defendants-respondents the cause was submitted on the brief of Patrick J. Anderson of Brennan, Steil, Basting & MacDougall, S.C. of Janesville.
Before Eich, C.J., Gartzke, P.J., and Sundby, J.
EICH, C.J.
Pearl and Richard Gurney appeal from a summary judgment dismissing their personal injury action against Lubrication Station, Inc., and its insurer, Heritage Mutual Insurance Company.[1] The Gurneys sued after Pearl Gurney was injured when she fell into an open pit at a Lubrication Station. The defendants moved for summary judgment on grounds that the action was not commenced within the three-year limitation period for personal injury claims set forth in § 893.54, STATS.
*70 The sole issue on appeal is whether a payment made by Heritage Mutual to Pearl Gurney and her physician was a "payment" within the meaning of § 893.12, STATS., which extends the statute of limitations in certain situations where payments are made to personal injury claimants. We conclude that the payment made in this case was not one contemplated by § 893.12 and we therefore affirm the judgment.
There is no factual dispute. The Gurneys, claiming that Pearl Gurney's injuries were caused by the negligence of Lubrication Station in several respects, brought this action more than seven months after the applicable statute of limitations had run. As indicated, the trial court agreed with Heritage Mutual's assertion that the action was time-barred and granted the motion for summary judgment.
Some time after Pearl Gurney's fall, Heritage Mutual, acting under the medical payment provisions of Lubrication Station's policy, issued a check in the amount of $248.50 made out jointly to Pearl Gurney and the medical center at which she had been treated for her injuries. The Gurneys argue on appeal that the payment extended the statute of limitations for the filing of their suit and they rely on § 893.12, STATS., which extends the limitation period for commencement of personal injury actions in situations where "a payment is made as described in s. 885.285(1)." Sections 893.12 and 885.285, STATS., provide, in relevant part, as follows:
893.12 The period fixed for the limitation for the commencement of actions, if a payment is made as described in s. 885.285(1), shall be either the period of time remaining under the original statute of limitations or 3 years from the date of the last payment made under s. 885.285(1), whichever is greater.

*71 885.285 (1) No admission of liability shall be inferred from the following:
(a) A settlement with or any payment made to an injured person, or to another on behalf of any injured person, or any person entitled to recover damages on account of injury or death of such person.
Heritage Mutual argued successfully to the trial court that because the medical payment provisions of its policy are not related to the fault or liability of its insured, the payment made to Pearl Gurney was not one contemplated by § 885.285(1), STATS.
Section 885.285(1), STATS., begins by stating that "[n]o admission of liability" is to be inferred from the described payments, and goes on to refer to "settlement[s]" or payments made to injured persons or others "entitled to recover damages on account of injury or death of such person[s]." (Emphasis added.) While the legislature's incorporation of the language of § 885.285(1) into § 893.12, STATS., makes the result less than entirely clear, we agree with the trial court that the net effect of merging the two statutes is that the limitation period is extended under § 893.12 only when payments related to settlement of disputed claims, or to considerations of fault or liability, are made on behalf of the insured.
The Gurneys disagree, arguing that any payment whatsoevereven if it is unrelated to any dispute or legal claim of the partiesshould operate to extend the statute of limitations. We believe, however, that their interpretation stretches § 893.12, STATS., to its breaking point.[2] Indeed, we recognized in H. A. Freitag & *72 Son, Inc. v. Bush, 152 Wis. 2d 33, 40, 447 N.W.2d 71, 74 (Ct. App. 1989), that, contrary to the Gurneys' broadbased "any payment" argument, not all payments fall within the language of § 885.285, STATS. In Freitag, an employee had stolen funds from her employer and, as part of her sentence for embezzlement, she was ordered to pay partial restitution to the employer. The employer eventually commenced a civil action against the employee to recover all its damages, and although the employer filed the suit after the statute of limitations had run, it claimed that the statute of limitations was extended by the restitution payments made by the employee. Id. at 35, 39, 447 N.W.2d at 72, 74. We rejected the argument, concluding that "[s]ection 885.285 refers to settlement and advanced payments made for damage claims," and thus did not apply to the restitution payments. Id. at 40, 447 N.W.2d at 74.
Our statement in Freitag that the payments contemplated by §§ 893.12 and 885.285(1), STATS., are those related to "damage claims"claims relating to liability or faultfinds support in ARNOLD P. ANDERSON, WISCONSIN INSURANCE LAW § 10.10, at 298 (3d ed. 1990), where the author states, "Read literally," the reference to "liability" in § 885.285(1) indicates that "this statute may not apply to a first-party coverage payment such *73 as medical pay ... where liability is not a required element for recovery." Such a result is consistent with the policy of encouraging the payment of medical expenses of injured persons as expressed in § 904.09, STATS., which makes evidence of paying or offering to pay medical expenses occasioned by injury inadmissible to prove liability for the injury. See Scholz v. Industrial Comm'n, 267 Wis. 31, 40, 64 N.W.2d 204, 209 (1954) (payment of injured person's medical expenses should be encouraged and should "never constitute an admission of liability to the detriment of [the] payor").
We conclude, therefore, that in order to toll or extend the statute of limitations, the "payment" specified in § 885.285(1), STATS., must be related to considerations of fault or liability. If it is not fault- or liability-related, it does not extend the limitation period. And our reading of the medical payment provisions of the Heritage Mutual policy satisfies us that its payment to Pearl Gurney falls in the latter category.
The relevant policy language is contained in a section headed "MEDICAL PAYMENTS COVERAGE GARAGE LOCATIONS AND OPERATIONS," and reads as follows:
We will pay reasonable medical and funeral expenses to or for each person who sustains bodily injury to which this coverage applies, caused by an accident and resulting from:
a. The maintenance or use of the locations stated in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.
b. All operations necessary or incidental to a garage business.
*74 As may be seen, there is no reference to legal responsibility or fault in the medical payment provisions. Other sections of the policy, however, do contain such references. For example, the "liability coverage" provision states: "We will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies caused by an accident ...." (Emphasis added.) Similarly, the coverage provision under the heading "garagekeepers coverage" states: "We will pay all sums the insured legally must pay as damages for loss to a covered auto or auto equipment left in the insured's care while the insured is attending [or] servicing [it] ...." (Emphasis added.)
The Heritage Mutual policy thus conditions some payments on the insured's liability. However, consistent with medical payment provisions generally,[3] medical payments under the policy are not so conditioned.
Because the $248.50 payment made to Pearl Gurney and her physician under the medical payment provisions of the Heritage Mutual policy was unrelated to Lubrication Station's fault or liability with respect to Gurney's injuries, it did not operate to extend or toll the statute of limitations for the Gurneys' action under §§ 893.12 and 885.285(1), STATS.
*75 By the Court.Judgment affirmed.
SUNDBY, J. (dissenting).
In this case, we hold that the Gurneys' cause of action for Mrs. Gurney's injuries is barred by § 893.54, STATS. We conclude that the period fixed for commencement of an action to recover damages for Mrs. Gurney's injuries was not extended by § 893.12, STATS., which provides:
The period fixed for the limitation for the commencement of actions, if a payment is made as described in s. 885.285(1), shall be either the period of time remaining under the original statute of limitations or 3 years from the date of the last payment made under s. 885.285(1), whichever is greater.
The dispositive question is whether Heritage Mutual Insurance Company's payment of part of Mrs. Gurney's medical expenses is "a payment ... made as described in s. 885.285(1), [STATS.]"
Section 885.285, STATS., provides in part:
Settlement and advance payment of claim for damages. (1) No admission of liability shall be inferred from the following:
(a) ... [A]ny payment made to an injured person....
In Riley v. Doe, 152 Wis. 2d 766, 449 N.W.2d 83 (Ct. App. 1989), we held that §§ 893.12 and 885.285, STATS., should be looked at as a single act of the legislature. Id. at 770, 449 N.W.2d at 84. We said that the statutes are in pari materia and must be construed together. Id. at 771, 449 N.W.2d at 84. We noted that § 885.285(3) provides that "[a]ny settlement or advance payment under sub. (1) shall be credited against any final settlement or judgment between the parties." Id. (quoting § 885.285(3)). We also said that "[t]he legislature *76 intended that sec. 885.285 apply to a settlement or advance payment between parties." Id.
Heritage Mutual did not dispute the Gurneys' initial claim for their medical expenses. However, Heritage may contest the Gurneys' future claims. The Gurneys may bring an action against Heritage to recover medical-expense damages. They are thirdparty beneficiaries of the medical expense contract between Lubrication Station, Inc. and Heritage Mutual. See Mercado v. Mitchell, 83 Wis. 2d 17, 28, 264 N.W.2d 532, 538 (1978); Holbrook v. Pitt, 643 F.2d 1261, 1270 & n.16 (7th Cir. 1981).
In Abraham v. Milwaukee Mutual Insurance Co., 115 Wis. 2d 678, 341 N.W.2d 414 (Ct. App. 1983), we held that a payment in advance or settlement of a claim for property damages extended the statute of limitations under § 893.12, STATS., for a personal injury claim if the payment was made within the three-year limitation period provided by § 893.54(1), STATS. Id. at 681, 341 N.W.2d at 416. We said: "Section 893.12 does not specify the types of payment necessary to extend the statute of limitations." Id. I see no reason why payment of medical expenses should not extend the statute of limitations under § 893.12.
The majority concludes, however, that the advance payment made by Heritage Mutual to the Gurneys for their medical expenses was not "any payment made to an injured person" because Heritage Mutual's payment of medical expenses is contractual and does not depend on the liability of its insured for Mrs. Gurney's damages. The majority reaches that conclusion because the introductory clause of § 885.285(1), STATS., provides: "No admission of liability shall be inferred from the following ...." (Emphasis added.) An issue as to Heritage Mutual's liability for the Gurneys' medical *77 expenses could arise in at least two ways. First, Heritage Mutual may contest a claim by the Gurneys on the grounds that Mrs. Gurney's injuries were not caused by the accident. Second, because Heritage Mutual agrees only to pay the "reasonable" medical expenses of an injured person, Heritage Mutual may challenge the reasonableness of future medical expenses the Gurneys may claim. In either case, public policy favors a partial settlement or payment to an injured person without that payment being asserted as an admission of liability. I conclude that Heritage Mutual's payment to the Gurneys constitutes "any payment made to an injured person" and extends the statute of limitations under § 893.12, STATS. For these reasons I respectfully dissent.
NOTES
[] Petition to review denied.
[1] The trial court also granted summary judgment to Wisconsin Quick Lube, Inc., the company that took over operation of the business subsequent to the incident causing Pearl Gurney's injuries.
[2] The only case cited by the Gurneys in support of their position is Abraham v. Milwaukee Mut. Ins. Co., 115 Wis. 2d 678, 341 N.W.2d 414 (Ct. App. 1983), and they direct us to language in that case that, because § 893.12, STATS., does not specify the types of payments necessary to extend the statute of limitations, "any payment made in advance or settlement of either personal injury or property damage claims extends the limitation period ...." Id. at 681, 341 N.W.2d at 416. We consider the reference unavailing. First, the comment in Abraham merely repeats the statutory language without relating it to the rest of the statute. Second, there was no claim in the case that the statute only applied to payments related to liability or fault.
[3] In Severson v. Milwaukee Auto. Ins. Co., 265 Wis. 488, 491, 61 N.W.2d 872, 874 (1953), the supreme court discussed the then "relatively new" medical payment provisions in liability policies, quoting with approval from the precursor to 8A JOHN A APPLEMAN AND JEAN APPLEMAN, INSURANCE LAW AND PRACTICE § 4902, at 225 (1981), to the effect that such provisions are akin to "personal-accident polic[ies]" in that payments made under them are "completely independent of liability on the part of the insured."